**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JILLIAN IZZIO and HEATHER ZOELLER,** on behalf of themselves and all others similarly situated,<br><br>        **Plaintiffs,**<br><br>  **v.**<br><br>**CENTURY GOLF PARTNERS MANAGEMENT, L.P.,**<br><br>        **Defendant.** | Case No.: _____<br><br>JURY |

**COMPLAINT—CLASS ACTION**

Plaintiffs, by their undersigned attorneys, allege upon knowledge as to themselves and upon information and belief as to all other matters as follows:

1. Plaintiffs were servers on the banquet staff at two of four golf facilities in New York owned and/or run by Defendant Century Golf Partners Management, L.P. ("Century Golf"), a Dallas-based company. The New York facilities are located in Hamburg, Lancaster, North Tonawanda and Port Washington, New York.

2. These facilities offer catering and banquet services for special events. These events include a "service charge" of approximately 20% which is added to the customers' bills. The banquet staff does not get this money. Reasonable customers would believe this "service charge" to be a gratuity.

3. Under New York law, defendant must give these service charges to the banquet staff.

4. Instead, Defendant keeps the service charges.

5. Defendant requires workers to purchase uniforms to wear including bow ties, black vests, and tuxedo shirts.

6. Under New York law, Defendant is required to provide or reimburse workers for the cost of the uniform.

7. Defendant does not reimburse workers for the cost of the uniform.

8. Defendant requires or permits workers to work off the clock without appropriate straight time or overtime pay.

9. Under New York and federal law, Defendant is required to pay workers for all hours worked and to pay time and a half for hours worked in excess of forty during a work week.

10. Defendant does not pay workers for all hours worked and does not pay workers for time and a half for all hours worked over forty in a workweek.

## PARTIES

11. Ms. Izzio worked as a server at Defendant's Fox Valley location. Ms. Izzio is a resident of the State of New York.

12. Ms. Zoeller worked as a server at Defendant's Brierwood location. Ms. Zoeller is a resident of the State of New York.

13. Defendant Century Golf is a limited partnership company registered in Texas and headquartered in Dallas, Texas. On information and belief Century Golf is responsible for the employment practices at the four facilities. Century Golf may be served through its registered agent for service of process: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

## VENUE AND JURISDICTION

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

15. Further, this Court also supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is a resident of this District.

## CLASS AND COLLECTIVE CERTIFICATION ALLEGATIONS

17. Plaintiffs bring this action on behalf of tipped workers at the four facilities as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b). Plaintiffs also bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a class of all tipped workers at the four facilities for claims under New York State law.

18. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b). The claims brought pursuant to New York State law may be pursued by all similarly-situated persons who do not opt out of the New York Class pursuant to Fed. R. Civ. P. 23.

19. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the Classes is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are hundreds of individuals in the Class.

20. The claims of Plaintiffs are typical of the claims of the Class they seek to represent. Plaintiffs and the members of the Class work or have worked for Defendant at a New York facility and were subject to the same compensation policies and practices, including not

being compensated for uniform purchase, not receiving service charges and not being properly compensated for all hours worked.

21. Common questions of law and fact exist that predominate over any questions only affecting Class members individually and include, but are not limited to, the following:

    a. whether Plaintiffs and the Class were entitled to receive service charges paid to Defendant and whether the Class received them;

    b. whether Defendant has failed to pay Plaintiffs and members of the Class all straight time and overtime compensation due to them; and

    c. whether Plaintiffs and the members of the Class were properly reimbursed for their required purchases of uniforms.

22. Plaintiffs will fairly and adequately protect the interests of the Class because their interests are in alignment with those of the members of the Class. They have no interests adverse to the Class they seek to represent, and have retained competent and experienced counsel.

23. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO PAY APPROPRIATE OVERTIME UNDER FEDERAL LAW**

24. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

25. Defendant is an "employer" engaged in interstate commerce within the meaning of the Fair Labor Standards Act.

26. Plaintiffs and the Class were "employees" under the Fair Labor Standards Act.

27. Defendant has willfully failed to pay Plaintiffs and the Class appropriate overtime under the Fair Labor Standards Act by not calculating the workers' overtime properly and by not paying them time and half for all hours worked over forty per work week.

28. Plaintiffs and the Class are entitled to compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND COUNT

## FOR WITHOLDING GRATUITIES UNDER NEW YORK LAW

29. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

30. Plaintiffs and the members of the Class are employees under New York law.

31. Defendant is an employer under New York law.

32. The "service charges" are really gratuities under New York law and must be paid to the workers under New York Labor Law Article 6 § 196-d.

33. Defendant unlawfully withheld and retained gratuities and portions of gratuities that reasonable customers would believe would be distributed to members of the class.

34. Defendant is liable to Plaintiffs and the Class in an amount to be determined at trial plus interest, attorney's fees and costs.

## THIRD COUNT

## FOR FAILURE TO REIMBURSE WORKERS FOR COSTS OF UNIFORMS UNDER NEW YORK LAW

35. Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

36. Defendant requires workers to purchase uniforms and does not reimburse them for the cost of the uniforms as required under New York law.

37. As a result Plaintiffs and the members of the Class are entitled to restitution and other damages to be determined.

## JURY DEMAND

38. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all similarly situated workers, request the following relief:

A. Collective action certification and permission to distribute appropriate notice under 29 U.S.C. §216(b);

B. Class certification under Federal Rule of Civil Procedure 23 of a class consisting of all workers in the State of New York who have been subjected to the wrongful conduct described above;

C. All unpaid wages including overtime;

D. Reimbursement for uniform expenses;

E. Liquidated damages under both New York law and the Fair Labor Standards Act;

F. Attorneys' fees, expenses and costs; and

G. Such other relief as the Court deems appropriate.

Respectfully submitted,

**LAW OFFICE OF KENNETH M. STILLMAN**

By: /s/ *Kenneth M. Stillman*
KENNETH M. STILLMAN
12700 Park Central Drive, Suite 1900
Dallas, Texas 75251

Telephone:   (214)   522-0633
Telecopier:   (214)   526-0849
Email:         kstill53@gmail.com
Texas Bar No.: 19240500

ATTORNEY FOR PLAINTIFFS

6