# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>Defendant. | Case No.: 3:15-CV-00861-P |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, the Parties have made on application, pursuant to Federal Rule of Civil Procedure 23, for an Order: (i) preliminarily approving the proposed settlement ("Settlement") of the above-captioned wage and hour class and collective actions (the "Actions"), in accordance with a Settlement Agreement and Release ("Settlement Agreement"); and (ii) approving the form and manner of the Official Notice of Settlement of Class and Collective Action (the "Notice").

WHEREAS, the Settlement Agreement sets forth the terms and conditions of the Settlement;

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, the Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Settlement Agreement and the submissions of the Parties in support of the Joint Motion for Preliminary Approval of Settlement of Collective and Class Action;

IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Settlement and the terms of the Settlement Agreement set forth therein.

2. The Court asserts jurisdiction over the claims alleged, the Parties in the litigation, and the implementation and administration of the Settlement Agreement.

3. The Court adjudges the terms of the Settlement Agreement to be fair, reasonable and adequate, and in the best interests of plaintiffs, and members of the Settlement Classes.

4. The Court hereby conditionally certifies the following Settlement Classes, for settlement purposes only: (i) the Putative State Law Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of all individuals who worked in a Covered Position for Defendants at some point during the period from August 20, 2007 through and including March 5, 2015; and (ii) the Putative FLSA Class pursuant to Section 216(b) of the FLSA, consisting of all individuals who worked in a Covered Position for Defendants at some point during the period from September 5, 2011 through and including March 5, 2015.

5. Plaintiffs in the three settling actions, Jillian Izzio, Heather Zoeller, Diane Law, Diane Gulla, Daniel Howard, Derik Kane, Michael Overdorf, Sara Owczarzak, and Kara Ashby

(the "Settling Plaintiffs," collectively with Defendants CGPM/WMC Operating, LLC, dba Arnold Palmer Golf Management and Century Golf Partners Management L.P., the "Settling Parties"), together with class counsel, shall be authorized to act on behalf of all members of the Settlement Classes with respect to the litigation and the Settlement Agreement.

6. The Court approves, as to form and content, the proposed Notice submitted by the movants, and finds that the proposed Notice meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all class members entitled thereto of all matters relating to the Settlement.

7. Plaintiffs' counsel is hereby authorized to retain a third-party claims administrator as the claims administrator pursuant to Section XII of the Settlement Agreement (the "Claims Administrator").

8. Within ten (10) days of this Order, Defendant shall provide the Claims Administrator with a list containing the following information for each member of the Settlement Classes: name, last known address and phone number, employee identification number (if known), and Social Security number, as well as the dates employed by Defendant in a Covered Position at some point during the period from August 20, 2007 through and including March 5, 2015.

9. Within forty-five (45) days of this Order, the Claims Administrator shall send the Notice to the Settlement Classes in accordance with the provisions of the Settlement Agreement.

10. The last day for class members to file an objection to or opt out of the Settlement shall be sixty (60) days after the date the Notice and Claim Forms are first postmarked to members of the Settlement Classes.

11. A Final Approval Hearing shall be held before this Court on _____, 2015, at _____ A.M./P.M.

12. At the Final Approval Hearing any class member may appear and show cause if he or she has any reason why the terms of the Settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, provided, however, that unless otherwise ordered by the Court, no class member shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement or the Order and Final Judgment to be entered thereon approving the same, unless that person has filed with the Clerk of the Court at the address listed below and served the following counsel (delivered by hand or sent by first class mail) the written objections, including the basis thereof, and copies of any papers and briefs in support thereof by _____, 2015:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF TEXAS
> Dallas Division
> 1100 Commerce St.
> Dallas, Texas 75242

Counsel for Plaintiffs:
> Adam Gonnelli
> FARUQI & FARUQI, LLP
> 369 Lexington Avenue, 10th Floor
> New York, New York 10017

Counsel for Century Golf Partners Management, L.P:
> Craig R. Benson
> LITTLER MENDELSON, P.C.
> 900 Third Avenue
> New York, New York 10022

Any class member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the

Settlement Agreement, unless otherwise ordered by the Court, but shall otherwise be bound by the Order and Final Judgment to be entered and the releases to be given.

13. Neither the Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Parties or of the validity of any Released Claim; or (b) is intended by the Settling Parties to be used by any other person in any other action or proceeding, whether civil, criminal or administrative as evidence or otherwise.  The Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim in that action; and any of the Settling Parties may file the Settlement Agreement and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

14. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to class members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to class members.

**LAW OFFICES OF KENNETH M. STILLMAN**

By: /s/ *Kenneth M. Stillman*
    KENNETH M. STILLMAN
    12700 Park Central Drive Suite 1900
    Dallas, Texas 75251
    Telephone:    (214) 522-0633
    Telecopier:    (214) 526-0849
    Email:    kstill53@gmail.com
    Texas Bar No.:    19240500

**FARUQI & FARUQI, LLP**

By: /s/ *Adam Gonnelli*
    Adam Gonnelli (admitted *pro hac vice*)
    369 Lexington Avenue, 10th Floor
    New York, NY 10017
    Telephone: (212) 983-9330
    Facsimile: (212) 983-9331
    Email: agonnelli@faruqilaw.com

**MUSCATO, DiMILLO & VONA, LLP**

By: /s/ *P. Andrew Vona*
    P. Andrew Vona
    Brian J. Hutchison
    107 East Avenue
    Lockport, NY 14094
    Telephone: (716) 434-9177
    Facsimile: (716) 434-9196
    Email: pavesq@aol.com
    Email: bjhesq@gmail.com

*Attorneys for Plaintiffs*

**LITTLER MENDELSON, P.C.**
By: /s/ *Craig R. Benson*
    Craig R. Benson (admitted *pro hac vice*)
    900 Third Avenue
    New York, NY  10022
    (212) 583-9600
    cbenson@littler.com

*Attorneys for Defendant*

**[PROPOSED] PRELIMINARY APPROVAL ORDER - Page | 6**

SO ORDERED.

SIGNED: _____, 2015

                                                                                              _____
                                                                                              JORGE A. SOLIS
                                                                                              UNITED STATES DISTRICT JUDGE