UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on | § | |
| behalf of themselves and others similarly situated, | § | |
| | § | |
| and | § | |
| | § | |
| KARA ASHBY, on behalf of herself and others | § | Case No. 3:14-CV-03194-P |
| similarly situated, | § | Consolidated with |
| Plaintiffs | § | Case No. 3:15-CV-0861-P |
| | § | |
| v. | § | |
| CENTURY PARTNERS GOLF MANAGEMENT, | § | |
| L.P., | § | |

MEMORANDUM OPINION AND ORDER

Now before the Court are the Motion to Intervene and Dismiss or Transfer and Memorandum of Law in Support thereof filed by Anthony Metzger; Plaintiffs' Memorandum of Law in Opposition to Motion to Intervene; Defendant's Affirmation in Opposition of Motion to Intervene; and Metzger's Reply Memorandum of Law in Further Support of Motion to Intervene and Dismiss or Transfer. After considering the argument and authorities in the foregoing, the Court **DENIES** the motion.

Factual Background

This case is a collective and class action brought under the Fair Labor Standards Act (FLSA) and Federal Rule of Civil Procedure 23, for failure to pay straight and overtime wages, failure properly to calculate overtime, unlawful retention of gratuities, and failure to reimburse employees for the costs of uniforms, in violation of the FLSA and/or various New York statutes. Consolidated plaintiffs seek to represent a class consisting of banquet service workers at four catering facilities run by the Defendant in New York: The Brierwood Country Club, the Fox Valley Club, the Tan Tara Golf Club, and the Clubhouse at Harbor Links.   Movant Metzger, brought a class and collective action on behalf of himself and similarly situated banquet service workers at the Harbor Links facility in Metzger v. Century Golf Partners Management, L.P., d/b/a Arnold Palmer Golf Management, et al., No. 14-CV-3747 (E.D.N.Y.), an action filed 3 months prior to the underlying action, seeking unpaid overtime under the FLSA and New York Labor Law (NYLL), as well as unpaid gratuities, and uniform pay and spread of hours pay violations. The current procedural status of these competing collective and class actions is as follows: the Consolidated Plaintiffs and the Defendant in this action have presented the Court with a Joint Motion for Preliminary Approval of Settlement of Collective and Class Action, which purports not only to settle the claims brought in the underlying proceeding but also those brought in a stayed, pending action in New York state court (Law v. CGPM/WMC Operating, LLC dba Arnold Palmer Golf Management, No. #150883/2013) on behalf of six plaintiffs who seek to represent the class of individuals employed as servers, bartenders and any other customarily-tipped employees who worked at Defendant's four facilities which have been identified in this action.   Metzger's suit in the federal district court in New York has been stayed pending this Court's determination of the proposed global settlement. There have been no class certifications yet in any of the actions.

Metzger now seeks to intervene, either as a matter of right under Federal Rule of Civil Procedure (FRCP) 24(a) or permissively under FRCP 24 (b), for the sole purpose of having a portion of the underlying case dismissed, or transferred to his stayed action. Specifically, Metzger wishes to carve out the Harbor Links plaintiffs and their claims so that he can represent that portion of the class in his proceeding. Metzger asserts the "first to file" rule in seeking dismissal or venue transfer of the Harbor Links claims.

## Analysis of the Law

### A. Intervention As a Matter of Right

FRCP 24 (a)(2) states that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Failure to satisfy any one of these elements "precludes the applicant's right to intervene." Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005).

Metzger argues that his motion is timely, he has an interest in this action, disposition of the case would impair his ability to protect that interest, and the existing parties do not adequately represent him. The Plaintiffs and the Defendant contest Metzger's right to intervene, arguing that his motion is untimely and would prejudice the parties, that he lacks a direct and substantial interest in this action, that disposition of the underlying case will only impact Metzger's claims if he elects to be part of the action, and that the existing parties more than adequately represent Metzger's interests.

    1.  Timeliness

Metzger filed his motion to intervene fifteen days after learning of the existence of this action[1] and argues that it is timely as determined by the four-factor test, taking into account the totality of the circumstances, as set out in Stallworth v. Monsanto Co., 558 F.2d 257 (5th Cir. 1977). Those factors are: "(1) the length of time during which the intervenor knew or reasonably should have known of his interest in the litigation before [moving] to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if his [motion] is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the [motion] is timely." Stallworth, 558 F.2d at 264-66.  These factors, however, "are not a formula for determining timeliness; instead, [timeliness] should be determined based on all the circumstances." Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 561 (5th Cir. 2003)(quotation omitted).  Moreover, "the determination of timeliness is 'largely committed to the discretion of the [trial] court.' " In re: Lease Oil Antitrust Litig., 570 F.3d 244, 248 (5th Cir. 2009)(citation omitted).  Plaintiffs and Defendant argue that a consideration of "all the circumstances" should include whether the motion to intervene was timed solely to disrupt the settlement, relying on D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2nd Cir. 2001); Altier v. Worley Catastrophe Response, LLC, No. 11-241, 2012 U.S. Dist. LEXIS 6391, at 32-33(E.D. La. Jan. 18, 2012); Doe v. Cin-Lan, Inc., No. 08-CV-12719, 2011 U.S. Dist. LEXIS

---

[1] Metzger states he only learned of this action when he received a copy of the plaintiff's request for a stay in the Law class action, into which he had been seeking intervention.  The Law court stayed the case without ruling on Metzger's motion to intervene.  The stay was granted based on the parties' representation that a settlement had been reached after significant discovery and mediation, and that they intended to transfer the Law settlement into a global settlement which would be (and since has been) filed in this Court's consolidated collective and class action.

835, at *18 (E.D. Mich. Jan. 5, 2011) and similar cases. In D'Amato and Altier, the courts refused to allow intervention on the bases that granting it would prejudice the existing parties by jeopardizing or derailing settlement negotiations. In both cases, however, the courts found that the movants had had knowledge of the cases, delayed seeking intervention, and failed adequately to explain their delay. *See* D'Amato, 236 F.3d at 84; Altier, 2012 U.S. Dist. LEXIS 6391 at *32-33. The Court is aware that "[i]t remains important to distinguish 'any prejudice that would result by virtue of intervention' (Stallworth, 558 F.2d at 265) from prejudice that results from *delay* in seeking intervention." Lelsz v. Kavanagh, 710 F.2d 1040, 1045 (5th Cir. 1983). *See also In re: Lease Oil*, 570 F.3d at 248. None of the parties here allege that Metzger had previous knowledge of the pending action yet delayed seeking intervention despite such knowledge. Instead, the determination of whether Metzger's motion is timely involves consideration of whether Metzger would be truly prejudiced by denial of intervention. and whether there are circumstances militating for or against timeliness. Stallworth, 558 F.2d at 265.

### a)   Prejudice to Intervenor/Adequacy of Representation

"Adequacy of representation is 'critical to the . . . inquiry' into the third timeliness factor." Altier, 2012 U.S. Dist. LEXIS 6391 at *33 (citing Lelsz, 710 F.2d at 1046). "If the proposed intervenor['s] interests are adequately represented, then the prejudice from keeping [him] out will be slight." *Id.* As the underlying action includes a class action component, the Court will be required to ensure that absent class members' interests are adequately represented. Fed. R. Civ. P. 23(a)(4). *See* Phillips Petroleum v. Shutts, 472 U.S. 797, 812, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985)(Due Process Clause requires that named plaintiffs at all times adequately represent

interests of absent class members); *see also* Newberg on Class Actions § 9.30 (5th ed.).[2]  Indeed, the Court will have to conduct a fairness hearing and investigate thoroughly the Consolidated Plaintiffs' ability to represent the class to which Metzger claims he belongs before the class can be certified.  If class certification is denied, Metzger will suffer no prejudice, as any final judgment in the underlying case will have no preclusive effect on him.  Smith v. Bayer Corp., __ U.S. __, 131 S. Ct. 2368, 2372 (2011).

'"[W]hen the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance.'"  Haspel & Davis Milling & Planting Co. Ltd. v. Bd. Of Levee Comm'rs of the Orleans Levee Dis. and St. of La., 493 F.3d 570, 578-79 (5th Cir. 2007)(quoting Kneeland v. Nat'l Collegiate Athletic Ass'n, 806 F.2d 1285, 1288 (5th Cir. 1987).  Mere "tactical differences do not make inadequate the representation of those whose interests are identical."  Bush v. Viterna, 740 F.2d 350, 358 (5th Cir. 1984)(citing Bumgarner v. Ute Indian Tribe of Uintah and Ouray Reservation, 417 F.2d 1305, 1308 (10th Cir. 1969).  Nor does "[a] difference of opinion concerning litigation strategy or individual aspects of a remedy . . . overcome the presumption of adequate representation."  Jenkins by Jenkins v. State of Mo., 78 F.3d 1270, 1275 (8th Cir. 1996).  Indeed, "representation is not inadequate simply because 'the applicant would insist on more elaborate . . . pre-settlement procedures or press for more drastic relief, or where the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy.'  Altier, 2012 U.S. Dist. LEXIS

---

[2] Reliance on FRCP 24 to intervene in a class action creates an interesting dilemma.  "There are aspects of Rule 24's language . . . that make little sense in the context of class action intervention.  For example, Rule 24 enables intervention by right only in the absence of adequate representation, but a class action requires adequate representation."  Newburg on Class Actions § 9.30 (5th ed.)

6391, at * 39-40, *citing* Schwartz v. Town of Huntington, 191 F.R.D. 357, 359 (E.D.N.Y. 2000)(*quoting* United States v. City of N.Y., 198 F.3d 360, 367 (2d Cir. 1999)). Generally, [the proposed intervenor] would need to demonstrate that [he] has a legal interest that not only differs from [the existing plaintiff's] interest, but would permit [the proposed intervenor] to assert a justification . . . that could not be equally asserted by the [existing plaintiffs.] *Id.*

Metzger does not identify any claim that he is uniquely positioned to assert that is not being asserted by those currently purporting to represent the Harbor Links employees.   Metzger alleges that he has been kept out of secret settlement discussions because the parties, through their counsel, have colluded "in order to undercut the Harbor Links class."   He claims that the settlement has been reached without any participation by Metzger "or any Harbor Links representatives."   These arguments go to the adequacy of the Consolidated Plaintiffs eventually to be certified as a class on behalf of claimants who worked at Harbor Links.  The proposed global settlement before the Court is intended to include the claims brought in the pending, stayed Law action (in which extensive discovery and mediation have occurred) on behalf of, among others, Harbor Links workers.  The Court will be required to determine whether the class to be certified adequately can represent the interests of the Harbor Links claimants. The Court is aware that it must exercise extra scrutiny in approving precertification settlements in order to meet concerns regarding the possibility of collusion, *see* Weinberger v. Kendrick, 698 F.2d 61, 73 (2d Cir. 1982) and that it should be "particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re* Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 947 (9th Cir. 2011). The Rule 23(a)(4) inquiry "serves to uncover [such] conflicts of interest" and "also factors in competency and conflicts of class counsel." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-

26 n.20, 117 S. Ct. 2231, 2250-51, 138 L. Ed. 2d 689 (1997).    Granting intervention so that

Metzger can, as he urges, "assist in ferreting out any possible collusion in the purported settlement"

is a misuse of the rule given that Metzger admittedly doesn't intend to remain in the pending action.

Which brings the analysis to unusual circumstances that militate against granting leave.

b) Circumstances Militating Against Timeliness

Metzger seeks to intervene in this action solely to have the Harbor Links claimants and causes

of action dismissed.  In the alternative, he asks that they be carved out of the proposed settlement

and transferred to his stayed action in the federal court in New York, where he desires to maintain

a class action on their behalf.  He contends that the existing non-Harbor Links parties should suffer

no prejudice from this course of action, as there is no evidence that the settlement would

necessarily be disrupted by the absence of the Harbor Links plaintiffs.  Inasmuch as he does not

seek to participate substantively in this proceeding, and that the Court is not persuaded that

granting the relief requested will not prejudice the various parties in this consolidated action, and

given that all the related cases, including Metzger's individual suit in federal court in New York,

have been stayed pending this Court's resolution of the global class action settlement, the Court

finds these to be unusual circumstances militating against a finding that the motion to intervene as

requested is warranted as a matter of right. *See* Viet Bui v. Sprint Corp., No. 2:14-CV-02461-

TLN-AC., 2015 WL 3828424, at *2 (E.D. Cal. June 19, 2015)(intervention of right not available

to those whose only interest in the action is to prevent [it] from going forward); Worthington v.

Bayer Healthcare LLC, No. CIV.A. 11-2793 ES, 2011 WL 6303999, at *6 (D.N.J. Dec. 15,

2011)([movant's] stated interest in solely having this action dismissed or transferred pursuant to

the first-to-file rule insufficient to satisfy 24(a)(2)).  This is particularly true given the fact that

Metzger has other remedies available.  He can object to the settlement in either of two ways, and

he will not be precluded from pursuing his individual cause of action if he chooses to opt out of the global settlement, as discussed *infra*.

### 2. Interest in the Action

Metzger claims he has an interest in this action because the parties are attempting to settle his claims and those of a class of employees he is representing in his earlier filed action.   He asserts that unnamed members of a putative class are presumed to have sufficient interest under the rule. *See* Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co., 407 F.3d 1091, 1103 (10th Cir. 2005).  Plaintiffs and Defendant contest Metzger's position, arguing he lacks "a direct, substantial and legally protectable interest in this action" consistent with the holdings in Altier and Doe, *supra*.  In those cases, however, the courts did not specifically find that the proposed intervenors had *no* interest in the pending causes, but rather that intervention wasn't necessary to protect the movants' interests. The Court is not persuaded that Metzger lacks an interest in this action.  However, consistent with the holdings in Altier and Doe, it questions whether Metzger's interest is impaired or impeded to the extent required to grant intervention as a matter of right.

### 3. Impairment of/Impediment to Interest Protection

The Court must decide whether Metzger's interests will be impaired or impeded if he cannot intervene to dismiss or transfer a portion of the proposed global settlement.  Metzger argues that "the disposition of this action may, as a practical matter, impair [his] ability to protect his rights" and that "if the purported settlement class here includes Harbor Links employees, it could effectively extinguish the [independent] Metzger action."  Plaintiffs and Defendant contest that Metzger's interests will be impaired if the Court denies his request because disposition of the underlying action will not impede his ability to protect his interests.

As a class member, Metzger can raise objections to the settlement without formal intervention. *See In re* Platinum Commodities Litig., No. 10-CV-3617, 2014 U.S. Dist. LEXIS 96457, at *23-24 (S.D.N.Y. July 15, 2014); Doe, 2011 U.S. Dist. LEXIS 835, at *11-13. Moreover, the Court can permit absent class members to appear through an attorney without going the full length of becoming a party through intervention. *See* Fed. R. Civ. P. 23(c)(2)(B)(iv)(For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable in part to further their ability to appear through counsel of their choice.); Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 173, 94 S. Ct. 2140, 2150, 40 L. Ed. 2d 732 (1974).[3]  Finally, Metzger is free to opt out of the settlement entirely and pursue his independent action in New York. *See* Altier, 2012 U.S. Dist. LEXIS 6391, at *33-34; Roberts v. Heim, No. C-84-8069 THE, 1989 U.S. Dist. LEXIS 19086, at *6 (N.D. Cal. Mar. 30, 1989).  The very structure of a Rule 23 class action anticipates that absent class members will receive notice of any settlement and be afforded opportunity to be excluded from it.  Fed. R. Civ. P. 23 (e).

Metzger claims that courts which have denied intervention to absent class members on the basis that they can opt out of the class have applied faulty reasoning, citing Standard Fire Ins. Co. v. Knowles, __ U.S. __, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013) and Newberg on Class Actions § 9:34 (5th ed.).   Standard Fire neither comments on the reasoning of these cases nor stands for the proposition that it is erroneous.   The Supreme Court, in addressing jurisdictional questions raised by pre-certification monetary stipulations filed in that class action, decided that such stipulations were non-binding and that a named plaintiff could not bind precertification class

---

[3] The Court can also entertain Metzger's concerns about the class's failure adequately to represent and protect his interests via *amicus* briefing. *See* Wolff v. Cash 4 Titles, 351 F.3d 1348, 1354 (11th Cir. 2003)(noting that "[i]n its discretion the court could have permitted innumerable sources to inform its judgment, regardless of whether those sources were proper parties with a legal *right* to object."); Raines v. State of Fla., 987 F. Supp. 1416, 1418 (N.D. Fla. 1997)(Judge considered comments and objections to fairness of settlement made by persons not plaintiffs, class members or defendants).

members because "another class member could intervene with an amended complaint (without [such] a stipulation), and the District Court might permit the action to proceed with a new representative" thereby meeting the monetary jurisdictional requirements.  Standard Fire, __ U.S. at __, 133 S. Ct. at 1349.  The Court finds Metzger's reliance on this case inapt to support his argument that he must be granted leave to intervene and dismiss or transfer because his interests will be impaired or impeded without such relief where he will have the opportunity to object to any settlement or opt out of its preclusive effect.

### B.  Permissive Intervention

Federal Rule of Civil Procedure 24 (b)(1)(B) gives the Court power to permit the intervention of anyone who "has a claim or defense that shares with the main action a common question of law or fact."  Permissive intervention under this rule, however, "is a matter wholly discretionary with the [district] court."  New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470-71 (5th Cir. 1984).  The Court may deny such intervention where it would "unduly delay or prejudice the adjudication of the rights of the original parties."  Kneeland, 806 F.2d at 1289 & n.2.

The Court has already identified the reasons why intervention is not necessary for Metzger either to be able to participate in the underlying action, or to proceed with his independent case by opting out of any settlement.  And the Court has already noted that Metzger seeks intervention for the sole purpose of dismissing and/or transferring some portion of the underlying action so that he, rather than the Consolidated Plaintiffs, can maintain the class action on behalf of (only) the Harbor Links workers.  Metzger does not give the Court any justification for the need to segregate the Harbor Links employees into their own class action, and thereby create piecemeal litigation, other than his assertion that he was the first to file an action in federal court, and he has not been privy

ORDER P. 11

to settlement discussions in the underlying case.    While the Court is sensitive to the possibility of collusion in any precertification class action settlement, and will scrutinize this proceeding accordingly, it is also aware that class actions by their very nature create risks that competing cases will be filed and a race to see who is certified first can arise.  Given the protections in place for Metzger and the likely disruption to the existing parties who, by virtue of consolidation and potential global settlement, are avoiding the expense, delay and risk of competing judgments inherent in piecemeal litigation, the Court finds that permissive intervention is not warranted at this time.

    C.  First-to-File Rule

    Metzger contends that, under the first-to-file rule, the Metzger plaintiffs and any Harbor Links class members should be excluded from the underlying action and its proposed global settlement.  The first-to-file rule provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."  Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999) *citing* Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997).  The rule does not require that the issues or parties be identical, but rather, only that there is the likelihood of substantial overlap between the two suits.  *Id.* "In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide whether it will try the case."  Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971).  The first-to-file rule is, however, "a discretionary doctrine," Cadle, 174 F.3d at 603 and "[n]ecessarily an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."  Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84, 72 S. Ct. 219, 221,  96 L. Ed. 200 (1952).  The rule is founded "on principles of comity and sound judicial administration."

Cadle, 174 F.3d at 603 (citing Save Power, 121 F.3d at 950). "[Its] concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985). The rule need not be applied if a showing of special circumstances gives priority to the second case. *See* William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969). "The determination as to whether there are circumstances warranting departure from the first-filed rule is committed to the sound discretion of the district court." *Id.* at 179, *citing* Kerotest, 342 U.S. at 183, 72 S. Ct. at 221.

Metzger contends that his action on behalf of the proposed Harbor Links class was filed before the underlying action and should, therefore, be the one to resolve the collective and class action on their behalf. Plaintiffs and Defendant argue that Metzger "stands the first-to-file rule on its head" because the Law action, which was filed nearly one year before the Metzger case, was actually the first to be filed on behalf of the proposed class, and the extensive paper discovery and mediation had in Law support, and will be included in, the global settlement reached in this action. Metzger counters this argument with a reminder that the first-to-file rule "applies only when two similar actions are pending in two *federal* courts." Am. Bankers Life Assurance Co. of Fl. v. Overton, 128 F. App'x 399, 403 (5th Cir. 2005). Moreover, he asserts that the Plaintiffs are attempting to turn the first-to-file rule into a first-to-settle rule, and warns the Court to be cautious of a potential "reverse auction" settlement—"the practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 282 (7th Cir. 2002).

As an initial matter, the Court notes that the district judge in Metzger's federal action has stayed Metzger's proceeding, notwithstanding its earlier filing, in deference to this court's resolution of the global class action settlement which purports to include the Harbor Links members that Metzger seeks to represent. Second, Metzger's application of the first-to-file rule, on the procedural facts here, makes a technical weapon out of a rule designed to promote "considerations of judicial and litigant economy, and the just and effective disposition of disputes." Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp., 12 F. Supp. 3d 320, 324 (E.D.N.Y. 2014), *citing* Futurewei Tech's, Inc. v. Acacia Research Corp., 737 F.3d 704, 708 (Fed. Cir. 2013). Third, Metzger's arguments regarding the existence of a potential reverse auction settlement lend themselves to considerations by the Court in its future approval of the settlement and class certification inquiry, rather than to a determination now that the mere existence of such a potential requires dismissal of one class or subclass. Finally, the Court is of the opinion that an excision of the Harbor Links members and claims at this juncture would lead to piecemeal litigation and a likely disruption of the global settlement toward which *all* the pending cases appear to be aimed or upon which they are waiting.

Because the first-to-file rule is a discretionary tool aimed at promoting comity and sound judicial administration, and because neither are furthered by its application here, and given all the reasons already stated why Metzger has not shown that dismissal as requested is warranted at this time, the Court hereby declines to order dismissal under the first-to-file rule.

### D. Transfer of Venue

Finally, Metzger seeks to have the Harbor Links component of the underlying action transferred under 28 U.S.C. § 1404(a). Inasmuch as he has not been granted leave to intervene, any such venue transfer would necessarily fall under the Court's *sua sponte* exercise of its

discretionary power. *See* <u>Mills v. Beech Aircraft Corp.</u>, 886 F.2d 758, 761 (5th Cir. 1989)(venue transfers may be made by court sua sponte). For all the reasons already stated, the Court does not deem transfer of a component of the underlying class and collective action to be warranted on either the law or the facts at this time. Metzger's request for a venue transfer is, therefore, denied.

Conclusion

If Metzger's interest in intervening is to protect his rights in the class action settlement process, adequate remedies are available to achieve that end. If, however, he is attempting to use the rules to secure his or his counsel's place as the winner in a certification race in competing class actions, that is not an interest the law or the Court is required to protect. The Motion to Intervene and Dismiss or Transfer is hereby **DENIED**.

SO ORDERED this _15th_ day of September, 2015.


                                    JORGE A. SOLIS
                                    UNITED STATES DISTRICT JUDGE