# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>    v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>              Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>    v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>              Defendant. | Case No.: 3:15-CV-00861-P |

## COMPENDIUM OF DECLARATIONS AND STATEMENTS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND FINAL APPROVAL OF THE SETTLEMENT AGREEMENT AND MOTION FOR APPROVAL OF SERVICE AWARDS, ATTORNEYS' FEES AND EXPENSES

| Document | Title | Page Number |
|----------|-------|-------------|
| Tab A | Declaration of Adam Gonnelli in Support of Plaintiffs' Motion for Final Approval of the Class Action Settlement and Plaintiffs' Motion for Approval of Service Awards, Attorneys' Fees and Expenses | 1 |
| Tab B | Declaration of Claims Administrator Brian S. Devery | 9 |
| Tab C | Declaration of Diane Gulla in Support of Approval of Settlement of Collective and Class Action | 14 |
| Tab D | Declaration of Daniel Howard in Support of Approval of Settlement of Collective and Class Action | 19 |
| Tab E | Declaration of Sara Owczarzak in Support of Approval of Settlement of Collective and Class Action | 23 |
| Tab F | Declaration of Derik Kane in Support of Approval of Settlement of Collective and Class Action | 27 |
| Tab G | Declaration of Michael Overdorf in Support of Approval of Settlement of Collective and Class Action | 31 |
| Tab H | Declaration of Kara Harris (Ashby) in Support of Approval of Settlement of Collective and Class Action | 35 |
| Tab I | Declaration of Jillian Izzio in Support of Approval of Settlement of Collective and Class Action | 38 |
| Tab J | Declaration of Heather Zoeller in Support of Approval of Settlement of Collective and Class Action | 41 |
| Tab K | Statement of Madonna Adymy in Support of Approval of Settlement of Collective and Class Action | 45 |
| Tab L | Statement of Sam Cooper in Support of Approval of Settlement of Collective and Class Action | 47 |
| Tab M | Statement of Evelina Deleon in Support of Approval of Settlement of Collective and Class Action | 49 |
| Tab N | Statement of Matthew D. Dorsey in Support of Approval of Settlement of Collective and Class Action | 51 |
| Tab O | Statement of Christina Drago in Support of Approval of Settlement of Collective and Class Action | 53 |
| Tab P | Statement of James Fedkiw in Support of Approval of Settlement of Collective and Class Action | 55 |
| Tab Q | Statement of Justin Jeziroski in Support of Approval of Settlement of Collective and Class Action | 57 |
| Tab R | Statement of Alyssa Markey in Support of Approval of Settlement of Collective and Class Action | 59 |
| Tab S | Statement of Alicia Odrobina in Support of Approval of Settlement of Collective and Class Action | 61 |
| Tab T | Declaration of Ryan J. Somerville in Support of Approval of Settlement of Collective and Class Action | 63 |
| Tab U | Declaration of Ryan M. Winkowski in Support of Approval of Settlement of Collective and Class Action | 66 |
| Tab V | Declaration of Tyler A. Winkowski in Support of Approval of Settlement of Collective and Class Action | 68 |

# TAB A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>Defendant. | Case No.: 3:15-CV-00861-P |

### DECLARATION OF ADAM GONNELLI IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICAQTION AND FINAL APPROVAL OF THE SETTLEMENT AGREEMENT AND PLAINTIFFS' MOTION FOR APPROVAL OF SERVICE AWARDS, ATTORNEYS' FEES AND EXPENSES

I, Adam Gonnelli, do hereby declare under penalty of perjury pursuant to 20 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner at the law firm of Faruqi & Faruqi, LLP, co-counsel for plaintiffs in the above-captioned cases and in a related case, *Law, et al. v. CGPM/WMC Operating, LLC, dba Arnold Palmer Golf Mgmt.*, Index No. E150883/2013 (N.Y. Sup. Ct., Niagara Cnty. filed August 20, 2013) (the "*Law* Action"), pending and stayed in favor of these actions, in state court in Niagara County, New York.  I have personal knowledge of the facts detailed herein, having been

one of the principal attorneys responsible for the prosecution and resolution of this class and collective action.  I am admitted to the bar of the State of New York and am in good standing, and I am admitted to this Court *pro hac vice*. ECF No. 19.

2.      This declaration is respectfully submitted in support of Plaintiffs' Motion for Class Certification and Final Approval of the Settlement Agreement and Plaintiffs' Motion for Approval of Service Awards, Attorneys' Fees and Expenses.

3.       Diane Law and Diane Gulla filed a class action complaint in New York Supreme Court on August 20, 2013 against defendant Century Golf Partners Management L.P. ("CGPM" or "Defendant").

4.      On November 18, 2013, Law and Gulla filed an amended complaint adding four additional plaintiffs to the case, Daniel Howard, Derik Kane, Michael Overdorf, and Sara Owczarzak (collectively with Law and Gulla, the "*Law* Plaintiffs").  The Law Plaintiffs sought to represent workers in four catering facilities owned or run by Defendant.

5.      The plaintiffs, including and especially Ms. Gulla, were very active in the litigation and helped with discovery.  Ms. Gulla, in particular, reviewed Defendant's production, including Defendant's spreadsheets and data, and was helpful in determining the composition of the class.

6.      On June 13, 2014, ten months after the filing of the *Law* action, Anthony Metzger ("Metzger") filed a complaint in the Eastern District of New York, styled *Metzger, et al. v. Century Golf Partners Management, LP, dba Arnold Palmer Golf Management*, et al., No. 14-3747-JMA-SIL, against CGPM and three additional defendants (the "*Metzger* action").

7.     On September 5, 2014, Jillian Izzio and Heather Zoeller ("*Izzio* Plaintiffs") filed a complaint against Defendant in this Court, styled *Izzio v. Century Golf Partners Management, L.P.*, No. 3:14-cv-03194-P (the "*Izzio* action").

8.     On September 10, 2014, Kara Ashby ("Ashby") filed a complaint in the Western District of New York against Defendant, styled *Ashby, et al. v. Century Golf Partners Management, L.P., dba Arnold Palmer Golf Management*, No. 1:14-cv-00759 (the "*Ashby* action").

9.     The *Law* Plaintiffs conducted written discovery and informal investigation, and, as detailed below, engaged in a mediation which led to the structure of the Settlement.

10.    *Law* Plaintiffs and Counsel reviewed over 800 pages of documents including contracts, accounting documents and detailed data spreadsheets, including discovery related to Harbor Links.   Also, *Law* Plaintiffs and Counsel served and received responses to 32 interrogatories.  We also interviewed over 20 workers.

11.    On October 6, 2014, the parties to the Law action participated in a mediation before Ruth Raisfeld, Esq., and reached the basic structure of a settlement agreement covering four facilities run by Defendant in New York: the Brierwood Country Club in Hamburg, New York ("Brierwood"); the Fox Valley Club in Lancaster, New York ("Fox Valley"); the Tan Tara Golf Club in North Tonawanda, New York ("Tan Tara"); and the Clubhouse at Harbor Links in Port Washington, New York ("Harbor Links").

12.    Thereafter, the *Law* Plaintiffs and Defendant engaged in extensive settlement discussions with the *Izzio* Plaintiffs and *Ashby* plaintiff by and through their respective counsel. In a letter dated November 3, 2014, counsel for Defendant informed the New York Supreme Court that the parties to the *Law* action had reached a settlement agreement, but were in the

process of finalizing all necessary settlement documentation.

13.     On December 24, 2014, Metzger filed a motion to intervene in the *Law* action, which was subsequently fully briefed.

14.     On February 25, 2015, the *Law* Plaintiffs requested that the *Law* action, including the pending intervention motion, be stayed until, pursuant to an agreement with the defendant, the settlement could be presented to this Court for approval.

15.     All proceedings in the *Law* action were stayed by the Court on March 2, 2015.

16.     The settlement agreement was finalized on March 5, 2015 ("Settlement Agreement").   Six days later, on March 11, 2015, the Settlement Agreement was provided to counsel in the *Metzger* action.

17.     On or around March 18, 2015, counsel in the *Metzger* action served deposition subpoenas on each of the nine named plaintiffs in the *Law*, *Ashby* and *Izzio* actions.

18.     Since the depositions were noticed to occur in the Western District of New York, the *Law* Plaintiffs were forced to file a new action in conjunction with a motion for a temporary restraining order and motion to quash the subpoenas in the Western District of New York, which they did on March 25, 2015.

19.     The day after the filing of the motion, counsel for Metzger withdrew the subpoenas.

20.     Meanwhile, on March 19, 2015, Mr. Metzger also moved to intervene in the *Izzio* action before this Court, or alternatively to dismiss or transfer the claims of the workers from the Harbor Links facility to the *Metzger* action.   This motion was subsequently fully briefed.

21.     In turn, on March 24, 2015, Century Golf filed a Motion to Stay the *Metzger* action pending this Court's evaluation of the Settlement Agreement, which was opposed by Mr.

Metzger.

22.     Next, on March 30, 2015, Mr. Metzger filed a letter motion in his action to enjoin the *Izzio* and *Ashby* actions under the All Writs Act and "first filed rule."

23.     Defendants filed an opposition to Metzger's letter motion on April 3, 2015.

24.     On April 16, 2015, the Court in the *Metzger* action granted Century Golf's request to stay the *Metzger* action pending this Court's evaluation of the Settlement Agreement.

25.     On April 21, 2015 the *Izzio* and *Ashby* actions were consolidated before this Court. At this stage, *Izzio* and *Ashby* were before this Court and the two other actions, *Law* and *Metzger*, were stayed pending this Court's review of the proposed settlement.

26.     On June 4, 2015 Plaintiffs moved this Court to preliminarily approve the settlement and disseminate notice to the class.

27.     On September 15, 2015 this Court denied Mr. Metzger's motion to intervene or dismiss or transfer.

28.     On October 20, 2015 this Court granted preliminary approval to the proposed settlement.

29.     On December 4, 2015 notice was sent out to 435 class members.

30.     On January 6, 2015, a reminder postcard was sent to 319 class members.

31.     Under the terms of the settlement, workers must opt in to the settlement in order to receive an award or their claims will be deemed released.

32.     Class Counsel received dozens of calls and emails concerning the proposed settlement during the opt-in period.

33.     As of the deadline of February 2, 2016, 253 workers opted in to the settlement representing roughly 83% of the available monetary claims.  Diane Law, the lead plaintiff in the

*Law* case, chose to opt out of the settlement.  Additionally, Mr. Metzger and a co-worker at the Harbor Links facility filed an objection to the settlement.  Twenty workers filed in support of the preliminary settlement.  *See* Compendium pp. 14-69.

34.    The final total opt-in Class consists of 256 members.  According to our calculations, this represents approximately 83.3% of the total available estimated award.

35.    According to our calculations, Harbor Links members will be receiving 43% of the total award accounted for by the opt-in class, 12% more than Fox Valley, which has the second largest claim by facility.

36.    During discovery, Plaintiffs learned that the Defendant collected approximately $3.8 million in disputed service charges during the *Law* class period.

37.    During the litigation, counsel for all plaintiffs spent a total of 962.15 hours on case for a lodestar of $544,307, with a negative multiplier of 0.71.  Total out-of-pocket expenses were $13,988.83.

38.    My firm expended a total of 922.25 hours and incurred $12,857.72 in out of pocket expenses.

39.    I was informed by Kenneth M. Stillman, Esq., that their firm expended a total of 13.75 hours and incurred $445.00 in out of pocket expenses.

40.    I was informed by R. Anthony Rupp, III, Esq., that their firm expended a total of 12.9 hours and incurred $261.11 in out of pocket expenses.

41.    I was informed by Brian J. Hutchison that his firm expended a total of 13.25 hours and incurred $425.00 in out of pocket expenses.

42.    The hours recorded by my firm are based on contemporaneous time records.

43.    The calculation of lodestar is based on my firm's current, not historical, hourly

44.     In reviewing our time records, I have deleted time entries that were duplicative and reduced entries which seemed to be excessive for the tasks undertaken.

45.     It is not our practice to record time for short phone calls or emails, so many instances of short informational or non-substantive correspondence with class members are not reflected in the time records.

46.     No allowance has been made for time that my firm will spend administering the settlement should the settlement be approved.  Given the popularity of the settlement, I anticipate that such time will be considerable.

47.     My firm's practice is almost entirely contingent, so we are accustomed to extended waits for payment, if any, and incurring out of pocket expenses which may or may not be reimbursed.

48.     The expenses are largely composed of travel expenses for a trip to Poughkeepsie, New York in 2013 for an initial meeting, the costs of mediation, and travel expenses to Dallas for the final approval hearing.  I have attached a chart with a breakdown of out of pocket expenses incurred by my firm to this declaration.

49.     The expenses incurred by other plaintiffs' counsel (not including counsel for the objectors) totals $1,131.11 and consists of filing fees, *pro hac vice* application fee and mailing expenses.

50.     In addition, the costs of providing notice and administering the settlement will total $38,844.56.

Executed on March 9, 2016 in New York, New York.

/s/ Adam Gonnelli
Adam Gonnelli

# TAB B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JILLIAN IZZIO and HEATHER ZOELLER, behalf of themselves and all others similarly situated,** | **Case No.: 3: 14-cv-03194-P** |
| **Plaintiffs,** | |
| **v.** | |
| **CENTURY GOLF PARTNERS MANAGEMENT, L.P.,** | |
| **Defendant.** | |
| **KARA ASHBY, on behalf of herself and all others similarly situated,** | **Case No.: 3:15-CV-00861-P** |
| **Plaintiffs,** | |
| **v.** | |
| **CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,** | |
| **Defendant.** | |

## DECLARATION OF CLAIMS ADMINISTRATOR BRIAN S. DEVERY

I, Brian S. Devery declare:

1.      I am a Project Manager with Angeion Group ("Angeion"), the claims administrator retained in this matter, located at 1801 Market Street, Suite 660, Philadelphia, PA 19103.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      The purpose of this declaration is to provide the parties and the Court with a summary and the results of the work performed by Angeion related to the Notice Procedures for the *Izzio et al.*

*v. Century Golf Partners Management, L.P.* Case No. 3:14-CV-03194-P class action lawsuit, following the October 20, 2015 Order Preliminary Approval Order.

3.      Angeion was retained to, among other tasks: (a) calculate Class Members' share of the Net Settlement Fund; (b) oversee the mailing of the Notice of Proposed Class Action Settlement ("Notice"); (c) trace and remail undeliverable Notices returned by the United State Postal Service ("USPS") with forwarding addresses, as well as remail Notices for which new addresses were provided by Class Counsel or class members; (d) provide Class Counsel with activity reports; and (e) update the addresses of Class Members as provided by Class Counsel.

4.      On November 11, 2015, Angeion received from the Defendant an Excel spreadsheet containing the Class Members.  Angeion reviewed the Class List, updated the Class Member information and removed any duplicate entries as was applicable resulting in a final Class Member list containing 435 Class Members to which Notices and Claim Forms  would be mailed.

5.      On December 4, 2015, the Notices were mailed to Class Members who were contained in the Class Member list via First Class Mail postage prepaid.

6.      During the period from December 4, 2015 through February 5, 2016, five (5) Notices were  returned to Angeion by the USPS with a forwarding address.  Angeion remailed these notices.

7.      During the period from December 4, 2015 through February 5, 2016, forty five (45) Notices were returned to Angeion by the USPS without forwarding addresses.  Angeion conducted a skip trace in an effort to locate new addresses.  Angeion skip traced the undeliverable class members using Lexis Nexis, also a nationally recognized address search firm.  Lexis Nexis combines numerous public record and publicly available sources, which contains nationwide person locator, authentication and verification information for approximately 400 million unique individuals based in the US and territories.  Its sources include national credit reporting companies header databases,

11

current and historic address files, white page phone publisher data, an Electronic Directory Assistance type database, Social Security death records from the Social Security Administration, numerous public record sources, including motor vehicle registrations, driver's license databases, voter registration databases, public license data and property ownership records, and data collected by marketing, registrations and warranty card aggregators.

8.    Of the Class Members whose returned mail was skip traced, a new address was found for 32 of them.  The Class List was updated with the new addresses and Notice was remailed to the 32 Class Members.

9.    On January 6, 2016, postcard reminders were sent to 319 Class Members who had not responded to the Notice, as per the Settlement Agreement.

10.    During the period from February 6, 2016 through the date of this declaration no additional Notices were returned to Angeion as undeliverable.

11.    As of the date of this declaration, there are a total of 20 Notices that remain undeliverable.   Fourteen (14) Notices were undeliverable and no new address were located and, of the Class Members for whom new addresses were located by skip tracing, via the USPS or by other means such as Counsel updates, six (6) have been returned as undeliverable a second time.

12.    The final total opt-in Class consists of 256 members.  According to our preliminary calculations, this represents approximately 83.3% of the total available estimated award.

13.    In this case, after adhering to the Notice requirements of the Preliminary Approval Order which included the initial mailing and postcard mailing, Angeion has received one (1) request for Exclusion (from Diane Law) and has been made aware of one (1) Objection (from Anthony Metzger and Jillian Brana).

14.     I declare under penalty of perjury pursuant to the laws of the State of Texas, that the above is true and correct to the best of my knowledge and that this declaration was executed this 9th day of March, 2016 at Oakdale, NY.

By _____
    Brian S. Devery

# TAB C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>          Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>          Defendant. | Case No.: 3:15-CV-00861-P |

## DECLARATION OF DIANE GULLA IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION

I, Diane Gulla, declare under penalty of perjury that the following is true and correct:

1.      I have opted into the above-captioned matter.  I am a named lead plaintiff in a related case in state court in New York, and as such I am fully familiar with the litigation.

2.      This declaration is respectfully submitted in support of our Motion for Final Approval of Settlement of Collective and Class Action.

3.      Diane Law and I filed a class action complaint in New York Supreme Court on August 20, 2013 against defendant Century Golf Partners Management L.P., *Law, et al. v.*

*CGPM/WMC Operating, LLC, dba Arnold Palmer Golf Mgmt.*, Index No. E150883/2013 (N.Y. Sup. Ct., Niagara Cnty. 2013) (the "*Law* action").

4.      On November 18, 2013, four more workers, Derik Kane, Daniel Howard, Michael Overdorf, and Sara Owczarzak (collectively, the "*Law* Plaintiffs"), joined in filing an amended complaint.

5.      In addition to working closely with my lawyers in filing the original and amended complaints, I participated extensively in the litigation.  I have spoken with Mr. Gonnelli on numerous occasions throughout this process.  I have provided him with information into how service contracts (bills) were written up.  I spoke with him regarding my personal experience and the experience of my coworkers at Fox Valley Country Club.

6.      I reviewed and answered 21 interrogatories concerning my knowledge of the service charges, the people involved in setting the policies and the nature of my position at the club.  I also reviewed 27 document production requests including requests for pay stubs and documentation of pay and documents reflecting communication between other plaintiffs and the Defendant.  I also produced 69 pages of documents for Defendant's discovery, including pay stubs, contract information and schedule logs.  I also reviewed a subpoena served that was on me and the motion to quash that subpoena.

7.      I have reviewed the draft and final settlement agreement and have spoken at length with my attorneys about it and two of my former coworkers.  I have also reviewed the final settlement papers and support the final settlement.

8.      I have spent approximately 150-200 hours of time working on this case since it was filed in 2013.

9.      I am aware that if we continue the case there is the possibility that we might receive additional money.  However, I believe that it is in the best interest of the class to accept the guaranteed settlement money rather than possibly wait several years or risk receiving less.

10.      Many of my coworkers were college students, single mothers or older employees who depended upon receiving a fair wage, and lived paycheck to paycheck in most cases.  When you live paycheck to paycheck, any amount can help defray the daily costs of living such as rent, gas, or even school books for those in college.

11.      It was common knowledge amongst the house staff that something was wrong with the system.  Most of my coworkers were young men and women, and afraid of losing their jobs if they were to complain to upper management.

12.      I would bring up the service charge situation with every new manager, about five of them during my employment at Fox Valley Country Club, and each time I would be told that it was what headquarters in Dallas had instructed them to do and there was nothing they could do about it.

13.      We were instructed by management, if asked by guests if the service charge went to the staff (as it was assumed), to say "yes, it is going to pay our wages."

14.      I have reviewed the objection that was filed and disagree with it.  I hope it is overruled so that my coworkers and I can get paid sooner.  Additionally, I've been part of this case since the very beginning and worked closely with my lawyers on all aspects of this case including the settlement.  I can say with certainty that the claims of collusion are unfounded.

15.      I have dealt with lawyers before and I believe our representation, Adam Gonnelli, has been a consummate professional.  He has kept all plaintiffs informed and organized. He was

always available to answer our questions and concerns. I believe our lawyers should receive their one-third fee for their efforts on this case.

16.     I ask that the settlement be approved and the objection be rejected.

Executed on March $\underline{4}$, 2016 in Lancaster, New York.

Diane Gulla
Diane Gulla

18

# TAB D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated, | Case No.: 3:14-cv-03194-P |
| Plaintiffs, | |
| v. | |
| CENTURY GOLF PARTNERS MANAGEMENT, L.P., | |
| Defendant. | |
| KARA ASHBY, on behalf of herself and all others similarly situated, | Case No.: 3:15-CV-00861-P |
| Plaintiff, | |
| v. | |
| CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT, | |
| Defendant. | |

**DECLARATION OF DANIEL C. HOWARD IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION**

I, Daniel C. Howard, declare under penalty of perjury that the following is true and correct:

1.     I have opted into the above-captioned matter.  I am a named plaintiff in a related case in the state court in New York, and as such I am fully familiar with the litigation.

2.     This declaration is respectfully submitted in support of our Motion for Final Approval of Settlement of Collective and Class Action.

3.     Diane Law ("Law") and Diane Gulla ("Gulla") filed a class action complaint in New York Supreme Court on August 20, 2013 against defendant Century Golf Partners

Management L.P. ("CGPM" or "Defendant"). *Law, et al. v. CGPM/WMC Operating, LLC, dba Arnold Palmer Golf Mgmt.*, Index No. E150883/2013 (N.Y. Sup. Ct., Niagara Cnty. 2013) (the "*Law* action").

4.     On November 18, 2013, four more of us, namely myself, Derik Kane, Michael Overdorf, and Sara Owczarzek (collectively with Law and Gulla, the "*Law* Plaintiffs"), joined in filing an amended complaint.

5.     Over the following months, I participated extensively in reviewing the amended complaint. I reviewed and answered 21 interrogatories concerning my knowledge of the service charges, the people involved in setting the policies and the nature of my position at the club.  I also reviewed 27 document production requests including requests for pay stubs and documentation of pay and documents reflecting communication between other plaintiffs and the Defendant.  Additionally, I spoke with my attorneys about my experiences and the practices at Brierwood Country Club.

6.     I am aware that we might receive more money if we continue the case, but in speaking with many of my coworkers I believe it is better to accept the guaranteed settlement money now rather than wait possibly years or risk receiving less.

7.     Most of the people I know in this case are not wealthy and receiving the money now would help them.  A vast majority of my coworkers were either underemployed or in the process of receiving degrees.  Many already had significant school debt, or were accruing it while working at these clubs.  Most worked summers and weekends in order to save enough money to pay for the bare necessities.  In addition, several coworkers were underpaid while at these Arnold Palmer clubs, and consider this settlement to be reparation for the time and talent they spent performing under what would be considered normal wages for their positions.

8.      I am currently in medical school, attempting to attain a degree that will allow me to work in a field that I am passionate about, however the financial toll I am currently under is immense.  In order to complete my degree, I will be facing in excess of $250,000 worth of federal student loans.  I am confident that I will someday pay this back, but my lifestyle currently reflects that of someone living on federal loans.  A much needed car upgrade and housing in three separate states (for clinical rotations) are either in my recent past or are needed in my very near future.  In short, any money that I receive from this settlement would be of immense value.

9.      I believe that the class members in all the clubs have been treated the same and treated fairly.  After speaking with our lawyers, I understand the employees at Harbor Links are being treated in the same way as the employees at Fox Valley Club and Brierwood Country Club.  I have reviewed the objection that was filed and disagree with it.

10.     I was in frequent communication with our lawyers during the settlement process and can say that any claims of collusion are unfounded and I support the terms of the settlement agreement.

11.     I have dealt with lawyers before and I believe our representation, Adam Gonnelli, has been a consummate professional.  He has kept all plaintiffs informed and organized. Our lawyers should receive their one-third fee for their efforts on this case.

12.     I hope the objection is overruled and that there is no appeal so that my coworkers and I can get paid sooner.  We all could certainly use this payout.

13.     I and my coworkers view this settlement as a bit of justice for several years of hard work that went underpaid and unrecognized.

Executed on March 3, 2016 in Hamburg, New York.

Daniel C. Howard

# TAB E

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated, | Case No.: 3:14-cv-03194-P |
| Plaintiffs, | |
| v. | |
| CENTURY GOLF PARTNERS MANAGEMENT, L.P., | |
| Defendant. | |
| KARA ASHBY, on behalf of herself and all others similarly situated, | Case No.: 3:15-CV-00861-P |
| Plaintiff, | |
| v. | |
| CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT, | |
| Defendant. | |

## DECLARATION OF SARA J. OWCZARZAK IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION

I, Sara J. Owczarzak, declare under penalty of perjury, that the following is true and correct:

1.    I have opted into the above-captioned matter. I am a named plaintiff in a related case in the State Court of New York, and as such I am fully familiar with the litigation.

2.    This declaration is respectfully submitted in support of our Motion for Final Approval of Settlement of Collective and Class Action.

3.    Diane Law and Diane Gulla filed a class action complaint in New York Supreme Court on August 20, 2013 against defendant Century Golf Partners Management L.P.

24

("CGPM" or "Defendant"). *Law, et al. v. CGPM/WMC Operating, LLC, dba Arnold Palmer Golf Mgmt.*, Index No. E150883/2013 (N.Y. Sup. Ct., Niagara Cnty. 2013) (the "*Law* action").

4.     On November 18, 2013, four more of us, namely myself, Daniel Howard, Michael Overdorf, and Derik Kane (collectively with Law and Gulla, the "*Law* Plaintiffs"), joined in filing an amended complaint.

5.     Over the following months, I participated extensively in reviewing the amended complaint. I reviewed and answered 21 interrogatories concerning my knowledge of the service charges, the people involved in setting the policies and the nature of my position at the club.  I also reviewed 27 document production requests including requests for pay stubs and documentation of pay and documents reflecting communication between other plaintiffs and the Defendant.  Additionally, I spoke with my attorneys about my experiences and the practices at Fox Valley Country Club.

6.     I have been very involved with this case and feel I had much to do with bringing it to the point it is at currently.  I have retained all documents pertaining to this case, so any paperwork I had that was pertinent to the case, I offered as evidence.  Adam Gonnelli, Esq. and I were in contact often regarding the evidence that I provided.

7.     I believe that if we continue with this case there may be a chance to receive a larger sum of money, but in speaking to some of my former coworkers, I believe it is better we accept a guaranteed settlement rather than wait and risk receiving less in the end.

8.     Most of the people I know in this case are not wealthy.  Receiving this settlement now would benefit them more than waiting.  Many of my coworkers have outstanding student loans, family obligations and so forth.  This settlement would help alleviate some of these burdens.

9.      I was recently the victim of a break-in and had to move from my apartment to my mother's residence because I did not feel safe in my apartment any longer. I am working on saving for my own home so this settlement would help me greatly.

10.      I have dealt with and known many attorneys. I couldn't go on without saying how wonderful Mr. Gonnelli and his team are. They made me feel like I was a part of every circumstance of this case. They are very understanding and were willing to help if we had any questions. I believe they deserve one-third of this settlement.

11.      I have reviewed the objection that was filed and disagree with it.

12.      My hopes are for this objection to be overruled and that an appeal is not filed so that my coworkers and I could get what we deserve sooner.

Executed on March 4, 2016 in Lancaster, New York.


Sara J. Owczarzek

# TAB F

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>　　　　　　Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>　　　　　　Defendant. | Case No.: 3:15-CV-00861-P |

**DECLARATION OF DERIK A. KANE IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION**

I, Derik A. Kane, declare under penalty of perjury that the following is true and correct:

1.　　I have opted into the above-captioned matter.  I am a named plaintiff in a related case in the state court in New York, and as such I am fully familiar with the litigation.

2.　　This declaration is respectfully submitted in support of our Motion for Final Approval of Settlement of Collective and Class Action.

3.　　Diane Law and Diane Gulla filed a class action complaint in New York Supreme Court on August 20, 2013 against defendant Century Golf Partners Management L.P.

28

("CGPM" or "Defendant"). *Law, et al. v. CGPM/WMC Operating, LLC, dba Arnold Palmer Golf Mgmt.*, Index No. E150883/2013 (N.Y. Sup. Ct., Niagara Cnty. 2013) (the "*Law* action").

4.      On November 18, 2013, four  more of us, namely myself, Daniel Howard, Michael Overdorf, and Sara Owczarzak (collectively with Law and Gulla, the "*Law* Plaintiffs"), joined in filing an amended complaint.

5.      Over the following months, I participated extensively in reviewing the amended complaint. I reviewed and answered 21 interrogatories concerning my knowledge of the service charges, the people involved in setting the policies and the nature of my position at the club.  I also reviewed 27 document production requests including requests for pay stubs and documentation of pay and documents reflecting communication between other plaintiffs and the Defendant.  Additionally, I spoke with my attorneys about my experiences and the practices at Fox Valley Country Club.

6.      I have spoken with Mr. Gonnelli on numerous occasions throughout this process. I have provided him with information into how service contracts (bills) were written up, and how the section regarding service gratuity were written in a manner that would make the client assume the applied gratuity would go towards the servers unless verbally clarified.

7.      I explained to our lawyers how some of the management staff, such as myself, had a prepared speech which was used if customers asked to whom the service charge was going.

8.      I also discussed how the company would regularly use me, as I was the Fine Dining Supervisor and already on-site, to handle several smaller banquet functions in the off-season.  This was done knowing that I was already being paid a higher hourly wage, and thus the applied event gratuity could be kept by the company rather than paying a banquet staff member.

9.     I am aware that if we continue the case there is the possibility that we might receive additional money.  However, I believe that it is in the best interest of the entire party to accept the guaranteed settlement money rather than possibly wait several years or risk receiving less.

10.     It is my understanding that several of my fellow co-workers are currently experiencing medical issues and/or lack of employment.  As such, I believe that taking the current offer would benefit the majority of the party more equitably.

11.     I have reviewed the objection that was filed and disagree with it.  I hope it is overruled so that my coworkers and I can get paid sooner.  Additionally, I've been part of this case since the beginning and can say the claims of collusion are unfounded.

12.     I am glad that my former co-workers may receive some restitution for their lost earnings.

Executed on March 4 , 2016 in Alden, New York.


Derik A. Kane

# TAB G

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>Defendant. | Case No.: 3:15-CV-00861-P |

**DECLARATION OF MICHAEL OVERDORF IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION**

I, Michael Overdorf, declare under penalty of perjury that the following is true and correct:

1.      I have opted into the above-captioned matter.  I am a named plaintiff in a related case in state court in New York, and as such I am fully familiar with the litigation.

2.      This declaration is respectfully submitted in support of our Motion for Final Approval of Settlement of Collective and Class Action.

3.      Diane Law and Diane Gulla filed a class action complaint in New York Supreme Court on August 20, 2013 against defendant Century Golf Partners Management L.P.

("CGPM" or "Defendant").  *Law, et al. v. CGPM/WMC Operating, LLC, dba Arnold Palmer Golf Mgmt.*, Index No. E150883/2013 (N.Y. Sup. Ct., Niagara Cnty. 2013) (the "*Law* action").

4.      On November 18, 2013, four  more of us, namely myself, Daniel Howard, Derik Kane, and Sara Owczarzak (collectively with Law and Gulla, the "*Law* Plaintiffs"), joined in filing an amended complaint, which I reviewed before filing.

5.      I worked at the Fox Valley Club for six years.

6.      During the litigation, I reviewed and answered 21 interrogatories concerning my knowledge of the service charges, the people involved in setting the policies and the nature of my position at the club.  I also reviewed 27 document production requests including requests for pay stubs and documentation of pay and documents reflecting communication between other plaintiffs and the Defendant.  I reviewed documents produced by the Defendant and produced my own tax forms and paystubs.

7.      I have also spoken with Mr. Gonnelli on numerous occasions throughout this process.  We discussed the treatment of the service charges and the attitude of management and the change in the service charge amount from 18 to 20%.

8.      Our lawyers kept me fully informed about developments in the case, sent me documents to review before filing, and always responded to my calls and emails.  I think they deserve a third of the settlement as a fee for their work.

9.      I am aware that if we continue the case there is the possibility that we might receive additional money.  However, I believe that it is in the best interest of the class to accept the guaranteed settlement money rather than possibly wait several years or risk receiving less.

10.    Among my co-workers at Fox Valley were single parents and students with debt. I know several were trying to change their living arrangements or were planning to get married. As such I believe that accepting the current offer would benefit the majority of the class.

11.    I have reviewed the objection that was filed and disagree with it. I hope it is overruled so that my coworkers and I can get paid sooner. Additionally, I've been part of this case since the beginning and can say the claims of collusion are unfounded.

Executed on March 3, 2016 in Elma, New York.



Michael Overdorf

34

# TAB H

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated, | Case No.: 3:14-cv-03194-P |
| Plaintiffs, | |
| v. | |
| CENTURY GOLF PARTNERS MANAGEMENT, L.P., | |
| Defendant. | |
| KARA ASHBY, on behalf of herself and all others similarly situated, | Case No.: 3:15-CV-00861-P |
| Plaintiff, | |
| v. | |
| CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT, | |
| Defendant. | |

**DECLARATION OF KARA HARRIS (ASHBY) IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION**

I, Kara Harris (Ashby), declare under penalty of perjury, that the following is true and correct:

1. I am a named plaintiff in the above-captioned matter, and as such I am fully familiar with the litigation.

2. This declaration is respectfully submitted in support of our Motion for Final Approval of Settlement of Collective and Class Action.

3.      On September 10, 2014, I filed a complaint against Defendant in the Western District of New York, *Ashby v. Century Golf Partners Management, L.P.*, No. 3:14-cv-00759. My case was later transferred to this District.

4.      I retained Andy Vona, Esq. in the initial litigation. Also, we worked with Adam Gonnelli, Esq., in reaching a settlement.

5.      I support this settlement and I understand that it is possible that we could obtain more money if we continue with the case but I believe it would be better for the class to receive guaranteed money sooner rather than later.

6.      I was in frequent communication with our lawyers during the settlement process and can say that any claims of collusion are unfounded and I support the terms of the settlement agreement.

7.      I have dealt with lawyers before and I believe our representation, Andy Vona, Esq. and Adam Gonnelli, Esq., have worked hard, keeping everyone updated and always available for any of our questions or concerns. I believe our lawyers should receive their one-third fee for all their work and time on this case.

8.      I hope the objection is overruled and there is no appeal so that my coworkers and I can be paid promptly.

Executed on March 4, 2016 in Buffalo, New York.

_____
Kara Harris (Ashby)

# TAB I

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>Defendant. | Case No.: 3:15-CV-00861-P |

**DECLARATION OF JILLIAN IZZIO IN SUPPORT OF APPROVAL OF
SETTLEMENT OF COLLECTIVE AND CLASS ACTION**

I, Jillian Izzio, declare under penalty of perjury, that the following is true and correct:

1.  I am a named plaintiff in the above-captioned matter, and as such I am fully familiar with the litigation.

2.  This declaration is respectfully submitted in support of our Motion for Final Approval of Settlement of Collective and Class Action.

3.  On September 5, 2014, Heather Zoeller and I ("*Izzio* Plaintiffs") filed a complaint against Defendant in this Court, *Izzio v. Century Golf Partners Management, L.P.*, No. 3:14-cv-03194-P (the "*Izzio* action").

39

4.      I, along with Heather Zoeller, retained Kenneth M. Stillman, Esq., on the initial litigation.   Also, we worked with Adam Gonnelli, Esq., extensively to assist in reaching a settlement.

5.      I am aware that we could continue on with this case and have a possibility of a higher settlement.  However, I believe it is better to accept the settlement money now rather than continue with this process and have to wait additional years with the chance of receiving a lower amount.

6.      Many of my coworkers have student debt or live paycheck to paycheck and the money from the settlement will be very helpful to them.

7.      I was in frequent communication with our lawyers during the settlement process and can say that any claims of collusion are unfounded and I support the terms of the settlement agreement.

8.      I have dealt with lawyers before and I believe our representation, Kenneth M. Stillman, Esq. and Adam Gonnelli, Esq., have worked hard, keeping everyone updated and were always available for any of our questions or concerns.  I believe our lawyers should receive their one-third fee for all their work and time on this case.

9.      I hope the objection is overruled and there is no appeal so that my coworkers and I can resolve this issue and receive the money we should have been given from the start.

Executed on March 7th, 2016 in Hamburg, New York.

_____
Jillian Izzio

# TAB J

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>Defendant. | Case No.: 3:15-CV-00861-P |

## DECLARATION OF HEATHER ZOELLER IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION

I, Heather Zoeller, declare under penalty of perjury, that the following is true and correct:

1.     I am a named plaintiff in the above-captioned matter, and as such I am fully familiar with the litigation.

2.     This declaration is respectfully submitted in support of our Motion for Final Approval of Settlement of Collective and Class Action.

3.     On September 5, 2014, Jillian Izzio and I ("*Izzio* Plaintiffs") filed a complaint against Defendant in this Court, *Izzio v. Century Golf Partners Management, L.P.*, No. 3:14-cv-03194-P (the "*Izzio* action").

4.      I, along with Jillian Izzio, retained Kenneth M. Stillman, Esq., on the initial litigation.  Also, we worked with Adam Gonnelli, Esq., extensively to assist in reaching a settlement.

5.      I am aware that we could continue on with this case and have a possibility of a higher settlement.  However, I believe it is better to accept the settlement money now rather than continue with this process and have to wait additional years with the chance of receiving a lower amount.  Sometimes working in the hospitality industry can be a challenge because we do not have a set salary or guaranteed hours per week.  A lot of the time most of us live paycheck to paycheck, so receiving the settlement money now would be beneficial for many us instead of continuing and increasing expenses with the risk of a lower outcome.

6.      This case has been ongoing for quite some time and I did not know what kind of outcome to expect.  The fact that we could receive money as an end result is great to know.  I can use it towards the home repairs my house is in need of this year.

7.      I was in frequent communication with our lawyers during the settlement process and can say that any claims of collusion are unfounded and I support the terms of the settlement agreement.

8.      I have dealt with lawyers before and I believe our representation, Kenneth M. Stillman, Esq. and Adam Gonnelli, Esq., have worked hard, keeping everyone updated and always available for any of our questions or concerns.  I believe our lawyers should receive their one-third fee for all their work and time on this case.

9.      I hope the objection is overruled and there is no appeal so that my coworkers and I can resolve this issue and receive the money we should have been given from the start.

Executed on March 4th, 2016 in Liverpool, New York.

Heather Zoeller

# TAB K

Dear Judge Solis,

My name is Madonna Adymy and I am writing in support of the proposed Century Golf settlement. I worked at the Brierwood Club for two years.

I am glad this case was brought and that I had the opportunity to join it. I did not realize we were being treated unfairly.

I understand that if we keep litigating the case and don't settle we might receive more money in the future. But I think it would be better to accept the money now rather than wait for something that may or may not happen. I believe most of my co-workers feel the same way.

In addition, the people I worked with at Brierwood do not have a lot of money, and receiving the payments as soon as possible would help them. Personally, I have just purchased a house and receiving the settlement sooner rather than later would be a great help.

I have reviewed the objection filed by Mr. Metzger and Ms. Brana and disagree with it. I have spoken to the lawyers and believe the people at Harbor Links have been treated as fairly as everyone else.

I have dealt with lawyers before and I believe our lawyers have been very helpful in answering any questions. Our lawyers should receive their one-third fee.

If the Court approves the settlement I hope there is no appeal so that we can get paid without delay.

Thank You,

March 8th, 2016

Madonna Adymy   3/8/16

D.O.B.  11/6/89

# TAB L

My name is Sam Cooper.   I worked at Harbor Links for two years.  I am writing to support the proposed settlement.

I am glad this case was brought and that I had the opportunity to join it.  I did not realize we were being treated unfairly.

I would like the money from the settlement sooner rather than later seeing as I am in college and haven't been able to work because of an illness.  Most of the people I worked with at Harbor Links do not have a great deal of extra money, and receiving the money as soon as possible would help them.

I understand that if we continue the case and don't settle we might receive more money at a later date.  But I think it would be better to accept the money now rather than wait for something uncertain.  I believe most of my co-workers feel the same way.

I have reviewed the objection filed by Mr. Metzger and Ms. Brana and disagree with it.  I have spoken to the lawyers and believe the people at Harbor Links have been treated as fairly as everyone else.

I am currently studying abroad in Australia and Mr. Adam Gonnelli, Esq., went above and beyond to ensure I was able to be a part of the settlement class.  Our lawyers should receive their one-third fee.

If the Court approves the settlement I hope there is no appeal so that we can get paid with out delay.

Dated: March 8, 2016

_Sam Cooper_

Sam Cooper

# TAB M

My name is Evelina Altagracia de Leon, and I am writing in support of the proposed settlement.

I worked at Harbor Links and I did not know I was being paid improperly until I found out about this case.

I need to move out of my current situation and the money from this case would be very useful to me as soon as possible.

Most of my colleagues at Harbor Links lived paycheck to paycheck and Harbor Links was their only source of income. I believe getting paid sooner rather than later would be important to many of them as well.

I realize that accepting the settlement means giving up a possible larger payment in the future. I would rather be paid a lower amount with certainty now. I spoke with the lawyers and they were very clear on the point that we were possibly giving up a larger amount in the future.

I have spoken with lawyers before and I appreciated how clear and straightforward the lawyers were here and how they answered all my questions completely. I think our lawyers should receive their one-third fee.

I support the settlement and hope the Court approves it. I have reviewed the objection that was filed and disagree with it. I also hope there is no appeal so that my coworkers and I can get paid sooner.

Date: March 8, 2016

Evelina Altagracia de Leon

# TAB N

My name is Matthew D. Dorsey and I wish to support this settlement.

I worked at the Fox Valley Club and I opted in to the case after I received the notice. I was glad to join the case because I did not know that I was not being paid properly.

I have reviewed the objection that was filed by the Harbor Links employees and I think it should be rejected. I hope the court approves the settlement and denies the objection.

I have spoken to my lawyers and I understand that settling now means giving up possibly receiving more money at some time in the future. However, I think it would be better to receive the money now and I believe many of my colleagues feel that way. Many of my former co-workers were young college students who have since recently graduated or are still attending further education. From conversations with several post-notification of a settlement, I believe they would prefer the money now to be used for the repayment of student loans and other such expenses.

My circumstances are similar; I would much prefer a settlement sooner to assist in my living expenses and repayment of student loans. Furthermore, I will be graduating college May 2016, and I would prefer to focus on the beginning of my career instead of the fate of money I should have received while working my way through college.

Most of the people I worked with at Fox Valley are not wealthy. As alluded to above, many of my co-workers were between the ages of 18-24 and have since accrued student loan and other debts, as is common nowadays. As most are well aware, student loans accrue interest, and the sooner they are paid, the less interest is accrued. The sooner a settlement is paid, the more beneficial the money will be to my co-workers and I.

I have dealt with lawyers before and our lawyers are understanding, punctual, and respectful. Our lawyers have logged more hours working on our behalf than I am even aware of, and they should receive their one-third fee.

Dated: March 7, 2016

Matthew D. Dorsey

# TAB O

To whom this regards:

My name is Christina Drago, and I strongly support the Century Golf settlement.

I worked at the Brierwood Club for nearly five years, beginning in March 2008 and ending in January 2013. While working, I did not know we were not being paid appropriately, so I was overjoyed to find out this information and to have the opportunity to join this case.

I knew that something about the service charges did not add up, but continued to do my job as told and expected. In fact, there were several times where I questioned my boss on their explanation of this category, and they continued to reassure me that the cost covers tables, linens, and chairs. Another server I worked with also felt like this was false, yet we continued to do our job as we were told.

I understand that some individuals from Harbor Links have objected to this settlement. I have reviewed the objection and I disagree with it completely. I ask the Court to overrule the objection because I think everyone is being treated fairly and the lawyers on our side have defended our rights. I also understand that it is possible that if the Court approves the settlement that the decision might be appealed by the objectors. I hope that there is no appeal because we would rather be paid sooner rather than later.

I have dealt with lawyers before and our lawyers from this case have treated me with exceptional dignity and respect. They have regularly kept in touch with me, followed up with me via phone and email, and have put in so much time and effort for this settlement to be approved. I would highly recommend Faruqi & Faruqi LLP to anyone in needing of lawyer services. I believe they should receive their one-third fee, without a doubt.

I realize that the settlement means giving the possibility of more money in the future, but I think it is in our best interests to accept the awards now. The people who work at the clubs are not wealthy and receiving the money now would help them in future endeavors and/or expenses. One of my fellow servers recently graduated with her Bachelors of Business, and is still a server, working paycheck to paycheck. My circumstances also include trying to move out of my parents' house to get a place of my own, while still paying my monthly student loans. I was also just told last week that I need a dental procedure, which is not cheap.

After reviewing my perspective, I hope this helps with getting one step closer for the Court to approve the settlement and reject the objection. It is only fair to do so.

March 7, 2016

Dated: March 7, 2016

Christina Drago

54

# TAB P

My name is James Fedkiw and I wish to support this settlement.

I worked at the Fox Valley Club for two years.  I was glad to join the case because I did not know that I was not being paid properly.

I understand that settling now means giving up possibly receiving more money at some time in the future.  However, I think it would be better to receive the money now and I believe many of my colleagues feel that way.  Many of my former co-workers were young college students who have since recently graduated or are still attending further education.

I have reviewed the objection that was filed by the Harbor Links employees and I think it should be rejected.

I have dealt with lawyers before and I feel that the lawyers have done a good job representing us. They should receive their one-third fee.

I hope the court approves the settlement and denies the objection

Dated: March 7, 2016

James Fedkiw

# TAB Q

My name is Justin Jeziorski and I was employed at the Fox Valley Country Club for six years. I am writing this to ask the Court to approve the Century Golf case settlement.

I am aware that we could receive a larger award by not settling now, but my former co-workers and I would greatly benefit from getting paid sooner rather than later. Many of them, including myself, are former or current college students struggling to pay student loans, as well as numerous other bills. On top of these expenses, I am currently beginning the process of becoming a first time home buyer, and receiving my payment now would certainly help with the down payment on a house.

Not only do I disagree with the objection being filed, but I also feel the lawyers should receive their one-third fee based on how well they have represented us throughout this entire process.

3/8/16

March 8, 2016

*Justin Jeziorski*

Justin Jeziorski

# TAB R

To whom it may concern:

My name is Alyssa Markey. I worked at Brierwood Country Club for two years as a banquet server. I am writing this in favor of the proposed settlement.

My current situation as a post college grad, is working 50+ hours a week at two different jobs living paycheck to paycheck. The allotted sum of money in this settlement would help me provide the funds to move out of my current apartment.

It would have been great to have been paid properly in the first place, but I am glad to participate in this settlement now. I did not know we were not being paid properly at my time of employment, so I would not have known to bring a case up without learning about this settlement.

I think it would be best to receive the settlement money as soon as possible. I know many of my previous coworkers are in similar situations to me. Many of them are crippled by student loan debt and the exponential cost of daily living.

I have dealt with lawyers before and I understand that under the terms of this settlement agreement, our lawyers will receive one-third of the settlement as their fee for their services for all their hard work.

I have reviewed the objection that was filed and I disagree with it.

I want to thank you for taking the time to read my statement in support of this settlement.

Date: 3/8/16

Alyssa L. Markey
**Alyssa Markey**

# TAB S

I am writing to ask the Court to approve the settlement.  I am satisfied with the estimated award.

It is possible that that we could receive a larger payout later by not settling now, but people I worked with do not have a great deal of money, and getting paid sooner rather than later would help them. I know a lot of my co-workers, if not all, are now living on their own. On top of having to deal with the price of being an independent, some are still enrolled in school and others are in the process of paying off college debt.

My circumstances as a new college graduate make me aware of my grace period only lasting so long. With not receiving any  financial aid nor help towards my college tuition, I am aware I will be paying off the full amount with an interest rate ranging from 3.8% to 6.8% on my largest loan. I know financially I will be tight. That being said, I strongly believe receiving the money sooner rather than later would be a tremendous help towards the transition of a college student to a college graduate.

I have reviewed the objection that was filed and disagree with it.

I hope the Court denies the Harbor Links objection and that there is not an appeal so that we can receive our awards.

I am glad that the leaders of this case filed it because I would not have done so by myself.

I have dealt with lawyers before and I am highly satisfied with the work and communication of the lawyers representing myself and my co-workers in this case. Our lawyers should receive their one-third fee.


Date:  March 8, 2016

*Alicia Odrobina      March 8, 2016*
_____
Alicia Odrobina

# TAB T

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>Defendant. | Case No.: 3:14-cv-03194-P |
| KARA ASHBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P. dba ARNOLD PALMER GOLF MANAGEMENT,<br><br>Defendant. | Case No.: 3:15-CV-00861-P |

**DECLARATION OF RYAN J. SOMERVILLE IN SUPPORT OF APPROVAL OF SETTLEMENT OF COLLECTIVE AND CLASS ACTION**

I, Ryan J. Somerville, declare under penalty of perjury, that the following is true and correct:

1.      I have opted into the above-captioned matter.  I worked as a banquet server at Harbor Links Golf Course for four years.

2.      I am writing in support of this proposed settlement and in opposition to the objection filed by Mr. Metzger and Ms. Brana.

3.      We worked very hard at Harbor Links Golf Course and I was disappointment to learn that we were not being paid in accordance with New York law. I am glad someone is trying to recover the money we are owed.

4.      As the motion states, everyone is entitled to the hours worked and should be compensated accordingly.

5.      I have spoken to Mr. Gonnelli and reviewed the objection that was filed and disagree with it. I think it proceeds from flawed assumptions and should be rejected. The proposed payments are based on the number of hours each employee worked, which seems fair. In contrast to the argument in the objection, I think the Harbor Links Golf Course employees are being treated just as well as the other employees in this settlement.

6.      I feel that dismissing the objection would be in the best interest of the of the class members on the whole, including the Harbor Links Golf Course members.

7.      I fully understand that by settling the case we are accepting less than we might get if the case continues and we are successful. However, I would rather accept the guaranteed money now and I think that is true of all of my co-workers (except apparently Mr. Metzger and Ms. Brana).

8.      My hopes are for this objection to be overruled and that an appeal is not filed so that my coworkers and I could get what we deserve sooner.

9.

Executed on March _07_, 2016 in Huntington Station, New York.

_____
Ryan J. Somerville

03/7/16

2

# TAB U

My name is Ryan M. Winkowski and I wish to support this settlement.

I worked at the Fox Valley Club and I opted in to the case after I received the notice. I was glad to join the case because I did not know that I was not being paid properly.

I have reviewed the objection that was filed by the Harbor Links employees and I think it should be rejected. I hope the court approves the settlement and denies the objection.

I have spoken to my lawyers and I understand that settling now means giving up possibly receiving more money at some time in the future.  However, I think it would be better to receive the money now and I believe many of my colleagues feel that way.

For myself, I could use the money sooner, rather than later. Life has been moving so quickly lately. I purchased a house towards the end of last year. Also, I recently got engaged and the money would be a huge help towards our wedding next year.

Most of the people I worked with at Fox Valley are not wealthy. Many of us have student loans to pay back or are still going to school, like myself. In today's society, most people have credit cards that they use and could use the money to pay those off.

I have dealt with lawyers before and I feel that they have done a great job fighting for the money we deserve. They have always been helpful in answering any questions we may have. Their communication in following up on documents as well as keeping us informed has been greatly appreciated. Our lawyers should receive their one-third fee.

Ryan M. Winkowski

# TAB V

My name is Tyler A. Winkowski and I wish to support this settlement.

I have worked at the Fox Valley Club for three years and I opted in to the case after I received the notice. I was glad to join the case because I did not know that I was not being paid properly.

I have spoken to my lawyers and I understand that settling now means giving up possibly receiving more money at some time in the future.  But I think it would be better to accept the money now rather than wait for something with an uncertain future.

I have reviewed the objection that was filed by the Harbor Links employees and I think it should be rejected. I believe that the people at Harbor Links are being treated as fairly as everyone else.

I also believe that our lawyers should receive their one-third fee.

Most of the people I worked with at Fox Valley are not wealthy. Many of my co-workers were of college age and have since accrued student loan and other debts, as is common nowadays. The sooner a settlement is paid, the more beneficial the money will be to my co-workers and me.

Dated: March 9, 2016

Tyler A. Winkowski