# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10446
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 15, 2016
Lyle W. Cayce
Clerk

JILLIAN IZZIO, on Behalf of Themselves and all Others Similarly Situated, HEATHER ZOELLER, on Behalf of Themselves and all Others Similarly Situated,

    Plaintiffs - Appellees

JILLIAN BRANA,

    Plaintiff - Appellant

v.

CENTURY GOLF PARTNERS MANAGEMENT, L.P.,

    Defendant - Appellee

v.

ANTHONY METZGER,

    Movant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3194

No. 16-10446

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

This case is one of several filed against appellee Century Golf Partners Management, L.P., (Century Golf), alleging violations of the Fair Labor Standards Act (FLSA) and New York labor law at New York catering facilities operated by Century Golf. In this case, plaintiffs' counsel and Century Golf asked the district court to certify an FLSA class and a state law class for settlement purposes. The district court certified the classes and approved the settlement. For the reasons set forth below, we **VACATE** the district court's class-certification order and **REMAND** for an appropriate analysis of the Rule 23(a) factors.

Plaintiff-appellant Jillian Brana and movant-appellant Anthony Metzger objected below and argue here (1) that the district court incorrectly certified the classes and (2) that the district court abused its discretion by approving the settlement. Because we agree that the district court did not conduct the proper class-certification analysis, we do not reach appellants' second argument.

"We review a district court's class certification decisions for abuse of discretion." *Pederson v. La. State Univ.*, 213 F.3d 858, 866 (5th Cir. 2000). "Rule 23 governs whether a proposed class falls within the limited exception to 'the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). Four prerequisites to class certification "must be met by all classes: numerosity, commonality,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

typicality, and adequacy of representation." *Id.* at 14–15 (citing Fed. R. Civ. P. 23(a)).  Because of the due process concerns inherent in class-certification decisions, "the Supreme Court requires district courts to conduct a rigorous analysis of Rule 23 prerequisites." *Unger v. Amedisys, Inc.*, 401 F.3d 316, 320 (5th Cir. 2005).  It is not enough that both sides may have stipulated to certification, because "the court is bound to conduct its *own* thorough rule 23(a) inquiry."  *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 n.7 (5th Cir. 2002) (emphasis added).

Appellants claim that class certification was improper because there are serious questions as to whether the commonality factor is satisfied.  They point to the settling parties' representation below that "the [four] catering facilities changed their practices at different times in different ways at different facilities during the class period by making changes to their contracts, menus and customer documents . . . [and] sorting out the legal implications of each language change might be challenging."  They also highlight the settling parties' "admi[ssion]" that "an evaluation of the claims of the Settlement Class members would require an analysis of change in fact or law . . . giv[ing] rise to many different analyses which could prove difficult for a jury and might have implications for a contested class certification motion."  Neither Century Golf nor the settling plaintiffs offer any response to appellants' argument on commonality.

In addition, appellants argue that class certification was improper because the district court did not conduct an adequate analysis of the Rule 23(a) factors.  At an oral hearing, the district court only said, "I'll certify the class for purposes of this – of this settlement."  They further emphasize that the district court's subsequent order stated conclusionally, "The settlement classes are hereby satisfied."  In each instance, appellants contend, the district

No. 16-10446

court conducted no analysis, much less a rigorous analysis, of the Rule 23(a) factors in accordance with Fifth Circuit precedent.

Having reviewed the record and the briefs, we agree with appellants. Prior to certifying a class, the district court must conduct its own rigorous analysis of the Rule 23(a) factors, especially when, as is true here, satisfaction of those factors is seriously contested. *See Stirman*, 280 F.3d at 563 & n.7 (holding that the district court's assertion that "no conflicts exist to preclude certification" was "not a sufficiently 'rigorous' analysis" to demonstrate satisfaction of the factors); *compare Ibe*, 836 F.3d at 530–33 (rigorous analysis characterized district court's reasoning). Because the district court did not conduct the requisite rigorous analysis, we **VACATE** the district court's class-certification order and **REMAND** the case for appropriate Rule 23 findings.