# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>Defendant. | Case No.: 3:14-cv-03194-P |

## PLAINTIFFS' STATEMENT

Plaintiffs respectfully submit the following in response to Your Honor's preliminary views as expressed in Order dated February 1, 2017.

It is Plaintiffs' position that the Court should certify a class that includes the Harbor Links employees. Plaintiffs state that all Rule 23 factors have been satisfied and the Harbor Links employees, most of whom have already opted into the case, are similarly situated to the Plaintiffs and other members of the Settlement Class. Indeed, there is absolutely nothing that distinguishes the Harbor Links employees from the Plaintiffs.

Below is a brief outline of Plaintiffs' position. However, Plaintiffs respectfully ask this Court for leave to make a supplemental submission, supported with evidence, to offer a more detailed application of the Rule 23 factors, specifically to the Harbor Links employees, to further demonstrate why should be included in the Settlement Class.

## I.    RULE 23 FACTORS HAVE BEEN SATISFIED

As detailed in Plaintiffs' January 20, 2017 submission, the Court should certify the Settlement Class, including the Harbor Links employees, because Plaintiffs have sufficiently demonstrated the requirements of both Rule 23 (a) and (b) for class certification to be proper.

The numerosity requirement is satisfied as notice was sent to 435 class members, 256 of which have opted into the settlement.  It should be noted that ***Harbor Links employees were among the 256 employees that opted into the Settlement***.  The commonality requirement is satisfied since all Settlement Class members, including all Harbor Links employees, suffered an instance of Defendant's injurious conduct.  The typicality requirement is likewise satisfied since all Settlement Class members, including the Harbor Links employees, all held the same positions, had the same job duties, and were subjected to the same conduct and policies by the same Defendant.  The adequacy requirement is satisfied because Plaintiffs have the same interests and have suffered from the same unlawful conduct as the Settlement Class members, including the Harbor Links employees.

Plaintiffs have also met the requirements of Rule 23 (b) by demonstrating that Defendant has failed to pay the service charges under the catering contracts and have uniformly failed to properly calculate and pay overtime under the FLSA and NYLL to members of the Settlement Class, including the Harbor Links employees.  Every issue prior to damages received by individuals is a common issue in this litigation.  Moreover, a class action is a superior mechanism since the hours worked by the Settlement Class members represents 83% of the total hours worked at the four facilities.

## II.  <u>HARBOR LINKS EMPLOYEES ARE INDISTINGUISHABLE FROM THE PLAINTIFFS AND OTHER MEMBERS OF THE SETTLEMENT CLASS</u>

The Court should certify a class that includes the Harbor Links employees because they are similarly situated to the Plaintiffs and members of the Settlement Class.  The Harbor Links employees were subjected to the same banquet contracts, held the same positions, had the same job duties, were subjected to the same unlawful policies by the same Defendant, and suffered from the same injurious conduct as the other member of the Settlement Class.

Like all other Settlement Class members, the Harbor Links employees were subjected to virtually identical contracts with the same language regarding service charges: "A 20% taxable service charge and state sales tax will be added to all food and beverage charges."  The Harbor Links contract differed only in that it included the amount of the sales tax and the state name, "New York," when describing the sales tax.  This distinction has no legal significance.  After January 1, 2011, the facilities, *including Harbor Links*, made substantially similar changes to the language in their catering contracts, stating that the service charge was a fee that was paid to the club to provide competitive wages to its staff, and that the fee was not being paid to the particular server or servers that provided the service for the Event.

Like all other Settlement Class members, the Harbor Links employees were waiters and bartenders ("banquet staff") for banquet events at Defendant's banquet facilities.  Like all other Settlement Class members, the Harbor Links employees were tasked with the same job duties: catering the banquet events and providing food and drink services at Defendant's facilities.  Like other Settlement Class members, Harbor Links employees were all victims of Defendant's common policy of withholding gratuities to the banquet staff in violation of NYLL § 196-d. Like all other Settlement Class members, the Harbor Links employees were subjected to Defendant's unlawful failure to properly calculate and pay overtime wages in violation of the NYLL and the FLSA.  Like all other Settlement Class members, the Harbor Links employees all suffered from Defendant's failure to reimburse the banquet staff for their cost of uniforms, in violation of the New York Hospitality Wage Order.

The Harbor Links employees all suffered from the same injurious conduct, at the hands of the same Defendant, as the Plaintiffs and other members of the Settlement Class.  There is

absolutely nothing that distinguishes the Harbor Links employees that would justify excluding them from the Class.

## III.    CONCLUSION

As such, Plaintiffs respectfully request that the Court: (1) certify a class that includes the Harbor Links employees; and (2) approve the proposed Settlement that includes the Harbor Links employees.  Alternatively, Plaintiffs respectfully request that they be given leave to make a supplemental submission, at Your Honor's earliest convenience, to offer a more detailed showing, supported with evidence, as to why the Harbor Links employees should be included in the Settlement Class.

Dated:   February 27, 2017                     Respectfully submitted,

**LAW OFFICES OF KENNETH M. STILLMAN**

By: */s/ Kenneth M. Stillman*
        KENNETH M. STILLMAN
        12700 Park Central Drive Suite 1900
        Dallas, Texas 75251
        Telephone: (214) 522-0633
        Telecopier: (214) 526-0849
        Email: kstill53@gmail.com
        Texas Bar No.: 19240500

**FARUQI & FARUQI, LLP**

By: */s/ Innessa S. Melamed*
        Innessa S. Melamed (admitted *pro hac vice*)
        685 Third Avenue, 26th Floor
        New York, NY 10017
        Telephone: (212) 983-9330
        Facsimile:  (212) 983-9331
        Email: imelamed@faruqilaw.com

**THE SULTZER LAW GROUP PC**
Adam R. Gonnelli (admitted *pro hac vice*)
280 Highway 35, Suite 304
Red Bank, NJ 07701
Telephone:  (732) 741-4290
Facsimile:  (888) 479-7747
Email:  gonnellia@thesultzerlawgroup.com

**MUSCATO, DiMILLO & VONA, LLP**
P. Andrew Vona
Brian J. Hutchison
107 East Avenue
Lockport, NY 14094
Telephone: (716) 434-9177
Facsimile: (716) 434-9196
Email: pavesq@aol.com
Email: bjhesq@gmail.com

*Attorneys for Class Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2017, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the court's Electronic Filing System.

By: */s/ Innessa S. Melamed*
    Innessa S. Melamed