UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JILLIAN IZZIO and HEATHER ZOELLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY GOLF PARTNERS MANAGEMENT, L.P.,<br><br>Defendant. | Case No.: 3:14-cv-03194-P |

**MOTION ON CONSENT FOR LEAVE TO EXCEED PAGE LIMITS
FOR PLAINTIFFS' REPLY TO OBJECTORS' OPPOSITION TO THE SETTLEMENT
AND PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR FINAL APPROVAL OF THE ENHANCED SETTLEMENT**

Plaintiffs, by and through their undersigned counsel, hereby move the Court, pursuant to Local Civil Rule 7.2(c), for leave to exceed the page limitations for: (1) Plaintiffs' Reply to Objectors' Motion in Opposition to the Settlement (the "Reply Brief"), ECF No. 139; and (2) Plaintiffs Memorandum of Law in Support of Motion for Certification of the Settlement Classes, Final Approval of the Enhanced Settlement, and Approval of Plaintiffs' Request for Reasonable Attorneys' Fees and Costs (the "Final Approval Brief").

For the reasons set forth below, Plaintiffs respectfully request leave for an additional five pages for their Reply Brief (totaling 15 pages) – and an additional 25 pages for their Final Approval Brief (totaling 50 pages). Plaintiffs' motion is unopposed by Defendant's counsel.

Local Civil Rule 7.2(c) states that a "brief must not exceed 25 pages" and "[p]ermission to file a brief in excess of these page limitations will be granted by the presiding judge only for extraordinary and compelling reasons." Here, extraordinary and compelling reasons exist for at least two reasons.

First, instead of filing three separate motions with supporting briefing – for (1) certification of the settlement classes, (2) final approval of the settlement agreement, and (3) for attorneys' fees and costs – Plaintiffs are consolidating three briefs into one succinct brief to be filed with this Court, therefore Plaintiffs respectfully request to exceed the 25-page limit.

Second, this case has a particularly complicated and complex procedural posture (four class and collective actions are implicated), which need to be addressed in the Final Approval Brief. In addition, there have been many developments since the last time Plaintiffs moved for final approval, including details concerning the enhanced Settlement Agreement, which need to be addressed in the Final Approval Brief as well. Due to these complexities and developments, Plaintiffs have extraordinary and compelling reasons to exceed the page limits.

Plaintiffs have made every effort to minimize the length of their argument and have, in all other respects, complied with the Court's Local Civil Rules. However, for the extraordinary and compelling reasons detailed above, Plaintiffs cannot provide the information necessary for the Court in 25 pages.

Additionally, Local Civil Rule 7.2(c) states that a "reply brief must not exceed 10 pages. Permission to file a brief in excess of these page limitations will be granted by the presiding judge only for extraordinary and compelling reasons." Here, extraordinary and compelling reasons exist. Indeed, Plaintiffs require additional pages in order to address and correct, for the record, Objectors' numerous and blatant misstatements of fact, nonexistent quotes from previous documents, and misrepresentations of law.

Plaintiffs have made every effort to minimize the length of their argument and have, in all other respects, complied with the Court's Local Civil Rules. However, for the extraordinary and

compelling reason detailed above, Plaintiffs cannot provide the information necessary for the Court in 10 pages.

WHEREFORE, Plaintiffs respectfully request the Court allow Plaintiffs to exceed the 25-page limit in their memorandum of law in support of their Motion for Certification of the Settlement Classes, Final Approval of the Enhanced Settlement, and Approval of Plaintiffs' Request for Reasonable Attorneys' Fees and Costs. Plaintiffs hereby request that the page limit for the Final Approval Brief memorandum be enlarged to 50 pages. Plaintiffs further respectfully request that the Court allow Plaintiffs to exceed the 10-page limitation for Plaintiff's Reply to the Objection in Opposition to the Settlement. Plaintiffs hereby request that the page limit for the Reply Brief memorandum be enlarged to 15 pages.

Dated: January 15, 2019                         Respectfully submitted,

**LAW OFFICES OF KENNETH M. STILLMAN**

By:  /s/ Kenneth M. Stillman
    KENNETH M. STILLMAN
    11300 North Central Expressway, Suite 408
    Dallas, Texas 75243
    Telephone: (214) 522-0633
    Telecopier: (214) 526-0849
    Email: kstill53@gmail.com
    Texas Bar No.: 19240500

**FARUQI & FARUQI, LLP**

By:  /s/ Innessa M. Huot
    Innessa Melamed Huot (admitted *pro hac vice*)
    685 Third Avenue, 26th Floor
    New York, NY 10017
    Telephone: (212) 983-9330
    Facsimile: (212) 983-9331
    Email: ihuot@faruqilaw.com

**THE SULTZER LAW GROUP PC**
    Adam R. Gonnelli (admitted *pro hac vice*)
    280 Highway 35, Suite 304

>Red Bank, NJ 07701
>Telephone: (732) 741-4290
>Facsimile: (888) 479-7747
>Email: gonnellia@thesultzerlawgroup.com
>
>**MUSCATO, DiMILLO & VONA, LLP**
>P. Andrew Vona
>Brian J. Hutchison
>107 East Avenue
>Lockport, NY 14094
>Telephone: (716) 434-9177
>Facsimile: (716) 434-9196
>Email: pavesq@aol.com
>Email: bjhesq@gmail.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

The undersigned counsel for Plaintiffs conferred with counsel for Defendant, Jessica Pizzutelli, on January 15, 2019. Ms. Pizzutelli stated that Defendant would not oppose the motion.

*s/ Innessa M. Huot*
Innessa M. Huot

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

*s/ Innessa M. Huot*
Innessa M. Huot